408 So.2d 1387 (1982)
Everett BRACEY
v.
Betty Jean Galloway BRACEY.
No. 53268.
Supreme Court of Mississippi.
February 3, 1982.
*1388 Johnson & Mills, Jerry L. Mills, Clinton, for appellant.
Albert Dickens, Jr., Jackson, for appellee.
Before PATTERSON, C.J., and BROOM and DAN M. LEE, JJ.
DAN M. LEE, Justice, for the Court:
This is an appeal from the Chancery Court of Hinds County wherein Betty Jean Galloway Bracey, petitioner/appellee, sought an increase in child support payments for the parties' four minor children, who were placed in appellee's custody, control and care by a January 15, 1977, final decree for divorce. The divorce decree awarded appellee child support payments in the amount that their children were entitled to receive from social security and Veterans Administration benefits due to their father's total permanent disability. At the conclusion of the hearing, the chancellor found a material change in circumstances had occurred since the rendition of the divorce decree, thereby awarding an increase in support payments in the amount of $100 per month per child. Aggrieved of this finding, Everett Bracey, respondent/appellant, appeals and assigns the following error for review:
No material or substantial change in the circumstances of the parties relative to the after-arising circumstances following the original decree were shown sufficient to justify modification of the original decree.
Everett Bracey and Betty Jean Galloway Bracey were married August 26, 1967. Five children were born during this union. Everett subsequently filed for divorce charging Betty Jean with habitual cruel and inhuman treatment. On June 15, 1977, the Chancery Court of Hinds County granted Everett a divorce on the aforementioned grounds. The final decree awarded Betty Jean permanent care, custody and control of the minor children, and also awarded child support in an amount equal to all monies or benefits Betty Jean and the children were entitled to receive from the Veterans Administration and Social Security Administration, Everett being permanently and totally disabled.
At the time the divorce was granted, Betty Jean was employed by Packard Electric where she netted approximately $249 per week plus $50 withheld for deposit in the credit union. She was subsequently disabled from a ruptured disc, which required her to cease her employment activities. During her period of disability, Betty Jean drew $215 weekly from Packard, which would continue until January 21, 1982, and thereafter at $770 per month for eight years if the disability continued.
Betty Jean subsequently filed her petition to modify the award of child support provided for in the June 1977 decree for divorce. Although she admitted her total monthly income ran about $1,514.50, and her living expenses amounted to approximately $1400 per month, Betty Jean asserted she was unable to provide for the children's necessities. At the time this action was instituted, only four children remained at home. The ages of the children were eighteen, seventeen, fifteen and ten. The oldest of these four children neither worked nor attended school, even though social security benefits would have increased had the youth been scholastically enrolled.
Everett Bracey, who was permanently and totally disabled, received approximately $2466 per month in social security and Veterans Administration benefits. On March 26, 1980, he also received a lump-sum award of $68,000 from the government. Of this lump sum, Everett asserted he had only $79 remaining after paying $18,000 down on a house, lending his oldest child $10,000 to buy a car, giving each child $1000, paying $5000 down on a car, paying his wife $400, and paying $2080 for insurance.
*1389 At the conclusion of the hearing, the chancellor found a material change in circumstances had occurred since the rendition of the parties' divorce; therefore, Everett was ordered to pay an additional $100 per child per month, bringing support payments to $990 per month.
Did a material change in circumstances occur subsequent to the rendition of the June 15, 1977, decree so as to warrant an increase in child support payments?
To justify a change or modification of an original decree for divorce, there must be a material change in circumstances of the parties arising subsequent to the rendition of the original decree. Shaeffer v. Shaeffer, 370 So.2d 240 (Miss. 1979). In McKee v. McKee, 382 So.2d 287 (Miss. 1980), this Court recognized that children's expenses increase with age, and that inflation is a factor in the determination of whether a material change in circumstances has occurred.
The chancellor's increase in the children's support from $6,000 to $10,000 per year is amply supported by the evidence adduced. The children are older (one is in college), and all of their expenses have greatly increased, due in no small measure to an average inflation factor of 8% a year for six years (1972-1978).
(382 So.2d at 289)
Appellee averred that a change in circumstances occurred due to her disability and the fact she was earning $84 a week less than at the time the divorce decree was rendered. On examination, she testified as follows:
A. I haven't worked since the 13th of January. It was about two weeks after that I went in the hospital.
Q. Now, prior to the time you were disabled, how much were you able to make working for Packard?
A. In my bring-home pay was 249 a week.
Q. $249 a week?
A. Right. And I was putting $50 into the Credit Union.
When modification of alimony has been sought, a slight decrease or increase in income has been held insufficient to constitute a material change in circumstances. In Keller v. Keller, 230 So.2d 808 (Miss. 1970), this Court held:
Mrs. Keller contends that no evidence of a material change in circumstances was presented that would justify a reduction of the amount of insurance to be maintained for Mrs. Keller's benefit from $50,000 to $15,000. There has been a slight increase in Keller's gross income, and depending on the amount of his 1968 income taxes, a possible small reduction in net income; however, the change in his income is not a material one. According to his testimony concerning his living costs, loan payments, high house rent in New Orleans, and other financial responsibilities, his financial situation is not encouraging; but the facts do not justify a finding of a material change in the circumstances of which account may be taken in determining whether the original decree should be modified. Therefore, the trial court erred in modifying the original decree by reducing the amount of life insurance required to be maintained for Mrs. Keller's benefit.
(230 So.2d at 809-10)
However, there is no doubt that the $68,000 lump-sum benefit received by appellant was a major factor in seeking modification. The petition was filed immediately following appellant's receipt thereof.
Once again, where the subject was modification of alimony, this Court has stated that a substantial increase in earnings by one party since the rendition of the divorce decree should be considered by the chancellor. Spradling v. Spradling, 362 So.2d 620 (Miss. 1978). Although the present case concerns child support, many of the same guidelines are used in determining child support and alimony. Compare Bunkley & Morse's Amis, Divorce and Separation in Mississippi, §§ 6.08 and 9.02 (1957).
*1390 The children in the present case had advanced in age since the decree for divorce was rendered in 1977. Inflation has also continued to rise. The earning capacity of appellee had changed substantially since the rendition of the original decree so as to constitute a material change in circumstances. The fact that appellant received a substantial increase in his monthly benefits should also be considered. A chancellor is given broad discretion in matters relating to support and custody of minors.
It is also unclear from the record what the lump-sum payment represented, and whether it was in lieu of future benefits or whether his monthly benefits would continue. Therefore, this Court cannot say the chancellor was manifestly wrong in finding a material change of circumstances had occurred in the present case. However, that is not to say that the chancellor was correct in awarding an increase of $100 for each child when the eldest (age eighteen) child at home would not work or go to school. We quote from testimony of appellee as follows:
Q. Is he going to school?
A. No, he's not.
Q. Do you know whether or not if you required him to go to school he would be eligible for further benefits from the VA?
A. Well, when school started, my former husband told him that if he would go to school, I think that the VA would have paid him about $350 a month or whatever. But he didn't go. He enrolled in school for about a month and then he just dropped right back out.
* * * * * *
Q. Is this child doing anything?
A. Not at the present.
Q. Not working and not in school.
A. No.
Q. So you really are supporting him out of choice. Is that correct?
A. Yes, sir, I am.
Q. He's capable of earning a living on his own, though, isn't he?
A. Yes, if he'll get out and do it, yes.
Bunkley & Morse's Amis, Divorce and Separation in Mississippi, section 9.02 (1957), suggests a father is not required to support a child in idleness when he is able to work or attend school. It is uncontradicted in this case that the eighteen-year-old male child had refused to go to school and would not work. It is further uncontradicted that if he had continued to go to school, the Veterans Administration would pay him approximately $350. The inescapable conclusion is that not only would this child not go to school and not work, but by refusing to go to school the Veterans Administration and social security benefits to the appellee for the benefit of this child were reduced. Certainly, no father should be required to support a child in idleness, particularly when that idleness would cause a reduction in governmental benefits to the family unit. It therefore logically follows that no such father should be required to increase the child support for such a child, which was done here by the chancellor in awarding a $100 per month increase for each of the four children. We therefore, find that the chancellor was manifestly wrong in awarding an increase of $100 per month for the support and maintenance of the eighteen-year-old child.
For the foregoing reasons, the Court affirms the chancellor's award increasing the child support of each of the three children, ages ten, fifteen and seventeen, totaling $300 per month, plus the award of $250 for attorney's fees, and reverses the chancellor on his award of $100 for an increase in the support of the eighteen-year-old child who has quit school and refuses to work.
Appellee has asked this Court for an award of attorney's fees for representation on this appeal. With an income of $1,514.50 per month, in addition to the $300 per month increase awarded herein, we feel that appellee has sufficient means to meet the obligation of attorney's fees on appeal. Aldridge v. Aldridge, 200 Miss. 874, 27 So.2d *1391 884 (1946); and Tighe v. Tighe, 239 Miss. 666, 123 So.2d 623 (1960). The attorney's fees for the appellee on appeal are denied.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.
PATTERSON, C.J., SMITH and SUGG, P. JJ., and WALKER, SUGG, BROOM, ROY NOBLE LEE, BOWLING and HAWKINS, JJ., concur.