Modification of child support for children adopted by a totally disabled veteran is the subject of this appeal from the First Judicial District of Hinds County. Brenda Carolyn Adams (Edwards), natural mother of two minor children, sought an increase in child support from her former husband alleging a material change of circumstances since the decree was rendered five years previously. The chancery court denied an increase of support for the daughter, but suspended the son's payments so long as he was in the custody of a third party. The mother, appellant, appeals from said order assigning that:
(1) The trial court erred in ruling that the appellant/mother failed to meet her burden of proof as to a material change in her circumstances, and
(2) The trial court erred in ruling that the appellee/father had no obligation to support the minor son in the physical custody of a third party.
 I.
On July 7, 1979 a divorce was granted to Brenda Adams (Edwards), appellant here, in the Chancery Court of Hinds County, Mississippi, together with custody of the two minor children, Henry David Adams and Roxanna Dianne Adams, and child support at the rate of $50.00 per child per month.
On March 21, 1983 Brenda Carolyn Adams (Edwards) filed a motion for modification of final divorce decree alleging that there had been material changes in the financial circumstances since the entry of the final decree. Claude H. Adams filed an answer and cross-motion denying the allegations of the motion and stating that the children were adopted, that he was 100 percent disabled and seeking relief of all obligations to support the children.
Mrs. Brenda Adams Edwards' proof at trial in support of modification showed a decrease in her annual earnings from $20,500 to $12,500 and an increase in her former husband's earnings from $800 a month tax free veteran's benefits to $1,303 tax free benefits.
Since the former decree of 1978, Brenda Carolyn Adams (Edwards) also testified that her children's medical and dental expenses had increased. Her daughter's orthodontic braces were $100 a month with a prior down payment of $550.00. All of the mother's living expenses had increased since she had obtained the divorce, and she was not able to pay an attorney. Mrs. Edwards' present husband works at Institutional Foods, and they were buying a house for which monthly payment is $324.00 a month. Mrs. Edwards acknowledged that the 12 year old daughter lived with her, but that the 14 year old son was living with her father, James Woodward, without her permission.
The father, Claude H. Adams, testified that he had made no effort to visit with the children, and that he didn't want custody of the children. Adams' income was $800.00 a month at the time of the divorce, but he now receives $1,303.00 of which he thinks his expenses are about $1,300 a month. He has no other source of income. However, his testimony concerning itemized expenses totaled only approximately $684.00 a month.
James Everett Woodward, the father of Brenda Carolyn Adams Edwards, testified that Henry David Adams, his 14 year old grandson, is living with him and had lived with him three times that year. (1) Henry David Adams came in January 1983, allegedly after his mother "put him out" and stayed about two months. Woodward put David in a Detention Center "to teach him to go to school." (2) The grandson stayed a second time for three weeks. (3) Woodward got the grandchild the last time from the Baptist Childrens Village where his mother had placed him on July 17, 1983 and his grandchild had resided since that time *Page 214 
at his house. Henry Adams was making good grades at school and appeared to be doing well under his grandfather's supervision. Mr. Woodward stated that he did not ask, nor did he want, any money from Claude Adams for child support. On the other hand, Brenda Adams (Edwards) had refused to give him any of the boy's monthly support money which she received from Adams. The son, Henry David Adams, testified and verified the above living arrangements.
The chancellor found that the plaintiff had failed to meet her burden of showing a material and substantial change in circumstances. The court noted that Mrs. Edwards had shown that her personal income had been reduced $8,000 since the date the divorce was granted. On the other hand, she had remarried and had additional income coming in for her support from her new husband, although the court acknowledged that her new husband was not responsible for the support of the two children. Nevertheless, the court found that the new husband's contribution to her support enabled the mother to contribute to the support of the two children. Since there had been no showing that she was having any hardship in doing this, the Court dismissed the increase request for the 12 year old daughter. As to the 14 year old son, the court suspended child support as long as the son lived with a third party.
 II.
The duty of parents to support financially, as well as otherwise, their minor children is engrained in our law. The father and mother are the joint natural guardians of their minor children and are equally charged with their care, nurture, welfare and education. Miss. Code Ann. § 93-13-1 (1972). Upon divorce of parents, the chancery courts of our state may "make all orders touching the care, custody, and maintenance of the children . . ." Miss. Code Ann. § 93-5-23 (1972).
An apparent undercurrent in this lawsuit is the fact that the father adopted these two children three months before the wife separated from him. However, the law of our state makes no distinction regarding the liability for support as between natural parents and adoptive parents. Upon adoption, a natural parent is relieved of future support for that adopted child, and the civil responsibility for support is transferred to the adoptive parent. W.R. Fairchild Construction Co. v. Owens,224 So.2d 571 (Miss. 1969). As a matter of law, adoption makes no difference in the duty of the adoptive parent to support an adopted child. In this case, the adoption by Mr. Claude H. Adams of his then wife's children carried with it his legal duty to support them.
 III.
The court in setting an original award of child support takes into account "the circumstances of the parties and the nature of the case, as may seem equitable and just . . ." Miss. Code Ann. §93-5-23 (1972). The equities of Mr. Adams' disability were evidently taken into account in the original award as his disability was existent then.
Thereafter, the chancery court, on petition may "change the decree, and make from time to time such new decrees as the case may require." Miss. Code Ann. § 93-5-23 (1972).
We have previously established the burden of proof which a petitioner assumes in seeking financial modification and that burden is to show a material change of circumstances of one or more of the interested parties — the father, mother, or child — arising subsequent to the original decree. Tedford v. Dempsey,437 So.2d 410 (Miss. 1983), Bracey v. Bracey, 408 So.2d 1387
(Miss. 1982), Bunkley and Morse's Amis, Divorce and Separation in Mississippi § 9.05 (Supp. 1980). The material change sought to be proved does not have to be one which "adversely affects the minor child," as in custody modification cases.
In the case at bar only financial modification is requested, and we therefore *Page 215 
address that issue. Elements that may be included as supportive of financial change are (1) increased needs caused by advanced age and maturity of the children (2) increase in expenses, and (3) inflation factor. Tedford v. Dempsey, 437 So.2d 410 (Miss. 1983); McKee v. McKee, 382 So.2d 287 (Miss. 1980). Other factors include (4) the relative financial condition and earning capacity of the parties, (5) the health and special medical needs of the child, both physical and psychological, (6) the health and special medical needs of the parents, both physical and psychological, (7) the necessary living expenses of the father, (8) the estimated amount of income taxes the respective parties must pay on their incomes, (9) the free use of a residence, furnishings, and automobile and (10) such other facts and circumstances that bear on the support subject shown by the evidence. Brabham v. Brabham, 226 Miss. 165, 84 So.2d 147
(1955). This Court has recognized, however, that a standard of living cannot be imposed upon a father beyond his financial ability to provide. Nor can a court relieve a mother of her obligation to support because she is not now required to work because of a new husband's financial means. Tedford, supra.
From the facts of this case, this Court observes that in the intervening five years since the original support award, without dispute, the increased age, rising cost of support of children and inflation were shown. Additionally, orthodontic expense for the daughter alone was $100.00 per month; however, no medical testimony was presented as to whether this work was reasonably necessary for her health and well-being or only cosmetic treatment. Smith v. Smith, 405 So.2d 896 (Miss. 1981).
The record also shows that the father was receiving cost-of-living increases in his veteran benefits.
The unanswered question of this record is whether or not the minor children were receiving a dependent's separate benefit from the Veteran's Administration. Additionally, inquiry into whether the father's veteran's benefit amount is based upon the claim of two minor dependents is a pertinent question. The record here on these questions is silent. The answers give rise to equities which the chancellor can adjust. Mooneyham v. Mooneyham,420 So.2d 1072 (Miss. 1982)
This Court holds that the chancery court was manifestly in error in not allowing some increase in the daughter's child support. As to the amount of such increase, the same percentage of child support from the present veteran benefits would be a starting point from which the equities of the circumstances could dictate adjustment. Therefore, this Court reverses the chancellor's denial of the daughter's support increase request in some additional amount and remands for such a determination.
 IV.
The last assignment of error addresses the court's suspension of the son's monthly support as long as he remains with a third party, the child's grandfather.
The underlying principle regarding child support is the legal duty owed by the parents to the child for the child's maintenance and best interests. We recognize that the payment is made to a custodial parent, but that it is for the benefit and best interest of the child. Wilson v. Wilson, 464 So.2d 496 (Miss. 1985); Hailey v. Holden, 457 So.2d 947 (Miss. 1984).
We recognize that child support payments should be paid to the person designated by the decree fixing the payment. Garceau v.Roberts, 363 So.2d 249 (Miss. 1978). However, in this case the legal custodian under the decree to whom the support was paid was the mother, while the physical custody of the child was with the grandfather.
The grandfather voluntarily took his grandson and was gratuitously supporting him although under no legal obligation. Thus, the physical custody at the time of trial was with a third party who did not hold custody. *Page 216 
This Court holds that the chancery court was in error in suspending child support payments for the son. This Court reinstates the original order of support of $50.00 due from the father commencing with the next payment period. However, since physical custody at the time of trial was not with the mother, due to estranged relations with her son, this court transfers the temporary custody and support payment from the mother to Mr. James Everett Woodward, the grandfather with whom the physical custody was in fact.
This Court recognizes that the trial court had no pending petition for custody. However, the chancery court, as guardians of all minor children in its district, is vested with authority to temporarily grant custody pending an investigation by a court appointed guardian ad litem, or the Hinds County Welfare Department, or Hinds County Youth Court when circumstances such as here exist. An investigation into this son's custody should be made and the investigation should develop alternatives with respect to custody. Upon proper pleading, the court should adjudicate support and custody on a permanent basis.
However, should no custody request present itself, and legal custody continue in the grandfather, this Court remands the issue of permanent child support of the son to the chancery court for determination of the amount of contribution from both parents.
REVERSED AND REMANDED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
DAN M. LEE, J., not participating.