585 So.2d 750 (1991)
Anna Elizabeth SMITH
v.
Douglas Howard SMITH.
No. 90-CA-0662.
Supreme Court of Mississippi.
August 28, 1991.
Lawrence Primeaux, Goldman Dreyfus & Primeaux, Meridian, for appellant.
*751 Earl P. Jordan, Jr., Jordan & Jones, Meridian, for appellee.
Before HAWKINS, P.J., and PITTMAN and McRAE, JJ.
PITTMAN, Justice, for the Court:
This case presents the single issue of whether an award of child support made by the chancery court was so high as to amount to reversible error. Douglas and Anna Smith have been divorced for several years and have thankfully been able to agree on the issue of the custody of their son, Eric. The issue of child support was litigated, and the chancery court ordered Anna Smith, the noncustodial parent, to pay $325.00 per month. Aggrieved, she appeals to this Court. We affirm.

I.
Douglas Smith and Anna Smith were divorced on the ground of irreconcilable differences on October 27, 1980, in the Lauderdale County Chancery Court. They have one child, Eric Brandon Smith, born on September 25, 1978. Custody of Eric was given to Anna by the terms of the Final Decree of Divorce. Douglas was given rights of visitation. He was ordered to pay $150.00 per month in child support. Douglas also agreed to procure medical insurance for Eric and to pay one-half of all medical expenses not covered by this insurance.
Anna Smith moved to California in February 1985. Pursuant to this move, she and Douglas Smith executed an Agreed Temporary Judgment of Modification. This agreed modification was approved of by the chancery court. The agreement stated that Douglas Smith should have temporary custody of Eric from January 1, 1985, through July 31, 1985. The agreement was to expire by its own terms on July 31. Douglas Smith was relieved of his child support obligation to Anna Smith during this time.
Despite the terms of the Agreed Temporary Judgment of Modification, Eric continued to remain in the custody of his father from late 1984 or early 1985 onward. Eric had flown to California to visit with Anna in the summers of 1986, 1988 and 1989. The parties executed an Agreed Temporary Judgment on June 28, 1988. Even though this Agreed Temporary Judgment appeared to place temporary custody of Eric with Douglas from June 30, 1988, to August 11, 1988, it also provided that Anna should exercise visitation with Eric during that period, and should return Eric to Douglas at the end of that period.
On January 24, 1989, Douglas Smith filed a Complaint for Modification in Lauderdale County Chancery Court, alleging that Eric had actually been living with him since September 1984, with the exception of three trips to California to visit his mother. The complaint further alleged that it would be in Eric's best interest to have his father legally designated as custodial parent, with his mother to retain visitation rights. The complaint further alleged that Anna Smith had not paid any child support in the years since 1984, and that she should be required to do so in the future. Douglas also asked that Anna be required to provide medical insurance for Eric, and to pay one-half of all expenses not covered by the insurance. Anna admitted in her answer that it would be in Eric's best interest to remain in his father's custody, subject to her reasonable rights of visitation. She admitted that she had not paid regular monthly child support, but she denied that she had not paid any support. She agreed that she should pay some amount for support.
The hearing in this cause was held on April 25, 1990. After hearing testimony from Anna and Douglas Smith, the lower court ordered that Anna pay $325.00 per month in child support, except for the months of July and August, when she would presumably have Eric visiting her in California. The court found that only Douglas Smith should be able to claim Eric as a dependent for tax purposes. Douglas remained responsible for Eric's medical insurance, with Douglas and Anna jointly responsible for any medical expenses not covered by this insurance. Anna subsequently filed a motion for rehearing or *752 relief from judgment, which was denied by the chancery court.

II.
Anna Smith's sole objection on appeal concerns the amount of child support she has been ordered to pay. She finds this amount objectionable for two reasons. First, she alleges that the chancellor did not properly follow the guidelines of Miss. Code Ann. § 43-19-101 (Supp. 1990) in making the award. Second, she implies that the chancellor formulated the award at least in part so that Eric's expensive hobbies, such as karate and raising fish, could be continued.
Anna Smith continues to reside in California, employed as a registered nurse for the Red Cross. Her income and expense statement showed a gross monthly income of $2734.19 and a net income of $1450.80. This income included overtime and pay for duty as charge nurse, extra income which Anna was not guaranteed each month. She reported total monthly expenses of $1432.25. Her total gross income for the first three months of 1989 was $9439.65. Without overtime, Anna testified to a monthly gross income of $2296.00. Her estimated gross income for 1989 had been $33,000.00. She testified that salaries for registered nurses were higher in California than in Mississippi, as were expenses. Her most notable monthly expense was $395.00 for her share of an apartment which, according to Anna, was cheap for California. Anna worked at a different site each day, and her average drive to work was thirty miles one way, for which she received no reimbursement. Anna testified that from time to time she had offered to pay certain of Eric's expenses, but Douglas had declined.
Douglas Smith, forty years of age, testified that he had actual custody of Eric since September of 1984. He denied that Anna had ever paid any direct child support. He could not remember any indirect support except for the times Eric had visited Anna in California. Eric was eleven years old and in the fifth grade at the time of the hearing. Douglas and Eric lived in a two-bedroom apartment, Eric's home since his birth. The apartment rent was $235.00 per month. Douglas had worked at Sack and Save Grocery Store as a meat cutter for over nineteen years. He reported a gross monthly salary of $1752.00, or $10.95 per hour, and a monthly net of $1208.52. He later seemed to admit that his gross monthly salary was closer to $1898.00. He worked as much as the store needed him, and usually averaged thirty-seven hours per week. He claimed monthly expenses of $1870.96 for Eric and himself. He had an emergency savings fund, which was also Eric's college fund, in which he deposited $20.00 per week. The total in the account was a little over $2000.00. Douglas listed monthly expenses of $142.00 for Eric's clothes, $34.71 for his school supplies, $212.59 for his entertainment, and $119.87 per month in pet expenses (Eric raised tropical fish). The entertainment figure included $1100.00 per year for karate classes. Douglas could remember one time when Anna had offered to pay Eric's expenses for a karate tournament and he had declined, but this was the only such offer he could remember.
The chancery court found that both parties had underestimated their monthly gross incomes as reported on their income and expense statements. The court also found Eric's monthly allowance for entertainment and pets to be "extraordinary."
"Child support is awarded to the custodial parent for the benefit and protection of the child. Child support benefits belong to the child, and not the parent who, having custody, receives such benefits under a fiduciary duty to hold and use them for the benefit of the child." Cumberland v. Cumberland, 564 So.2d 839, 847 (Miss. 1990). This Court has previously recognized the following factors in formulating an award of child support:
(1) The health of the husband and his earning capacity;
(2) The health of the wife and her earning capacity;
(3) The entire sources of income of both parties;
(4) The reasonable needs of the wife;

*753 (5) The reasonable needs of the child;
(6) The necessary living expenses of the husband;
(7) The estimated amount of income taxes the respective parties must pay on their income;
(8) The fact that the wife has the free use of the home, furnishings, and automobile; and
(9) Such other facts and circumstances bearing on the subject that might be shown by the evidence.
Carpenter v. Carpenter, 519 So.2d 891, 894 (Miss. 1988) (quoting Brabham v. Brabham, 226 Miss. 165, 84 So.2d 147 (1955). "The principle is elementary that an award of alimony and child support is a matter within the discretion of the Chancellor and that this appellate court will not reverse unless the Chancellor was manifestly in error in his finding of fact and manifestly abused his discretion." Powers v. Powers, 568 So.2d 255, 257-58 (Miss. 1990).
Miss. Code Ann. § 43-19-101(1) provides that where one child is due support, the percentage of adjusted gross income that should be awarded for support is 14%. This guideline "shall be a rebuttable presumption" in cases involving child support. As to the percentage guidelines provided in § 43-19-101, we found in Thurman v. Thurman, 559 So.2d 1014, 1018 (Miss. 1990), that "the guidelines [of § 43-19-101] are relevant and may be considered by a chancellor as an aid, but the guidelines may not determine the specific need or the specific support required." See also Jellenc v. Jellenc, 567 So.2d 847 (Miss. 1990).
Under § 43-19-101, a monthly support award of $325.00 would result from an adjusted monthly gross income of $2321.42. Unfortunately, the chancellor made no definitive on-the-record finding of what he considered Anna's monthly income to be. He did find that she had underestimated the income provided in her income and expense statement. The chancellor's opinion also mentioned Anna's earnings for the first three months of 1990, which produced an adjusted monthly gross income of $2265.62. According to § 43-19-101, this figure would yield a monthly award of $317.19. Anna Smith argues that her adjusted gross income is actually approximately $2100.00 per month, which would produce a monthly support award of $294.00 under the guidelines.
The award of $325.00 may be high, but does not constitute reversible error, especially when considering all the in-kind services which Douglas Smith has performed, and continues to perform, for Eric. Also to be considered is the fact that Ann paid no direct support for Eric for a minimum of five years.

III.
Anna's second argument is that child support award is too high because the chancellor allowed for certain unnecessary and outlandish expenses in making the award. In other words, at least part of the $325.00 is designated for karate, other entertainment and tropical fish. This argument is not supported by the record. The chancery court specifically labeled Eric's entertainment expenses "extraordinary." The fact that Douglas Smith spends an inordinate amount of money on his son's recreation does not change the fact that Anna has a specific ability to pay a certain share of Eric's support. The judgment of the chancery court is affirmed.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, BANKS, and McRAE, JJ., concur.