Patricia Ann Gillespie filed a complaint for divorce against Ray Charles Gillespie in the Oktibbeha County Chancery Court. The parties were unable to agree upon child support for their minor child, Lance Rayshavias Gillespie, and gave written consent to the chancellor, pursuant to Miss. Code Ann. § 93-5-2 (Supp. 1991), to decide the issues of child support and maintenance *Page 622 
of the child, and the division of property not covered by the agreement. After a hearing, the chancellor granted the divorce and gave custody of Lance to Patricia, with Ray having reasonable visitation. In regard to child support and maintenance, the chancellor ordered that Ray maintain medical insurance for the benefit of Lance and pay $250.00 per month in child support, to be automatically increased to $300.00 when the child started kindergarten.
Ray, feeling aggrieved by the chancellor's decision, appeals and assigns as error:
1. The court erred in basing child support on overtime pay, when the appellant's adjusted gross income on 40 hours was $289.23 a week and he was already paying $150.00 a month for the support of two other children.
2. The court erred in adjusting child support from $250.00 to $300.00 a month beginning August 1, 1993, just because the child would then be enrolled in public kindergarten, in that there was no proof that attending kindergarten would be more expensive than child care already being provided.
The chancellor found that Ray's gross earnings exceeded $39,000.00 in 1989 and exceeded $36,000.00 in 1990. Patricia's gross earnings exceeded $29,000.00 in 1989 and exceeded $27,000.00 in 1990. Since their separation both, as employees of Niagara Lockport, have reduced their overtime, but their earnings for 1989 reflected their earning capacity. The chancellor found that the monthly fixed expense necessary to support their child was $460.00 a month and that he would start kindergarten in a year and a half. The chancellor fixed support at $250.00 a month, to later be raised automatically to $300.00.
We note at the outset that an award of child support is a matter within the discretion of the chancellor and we will not reverse that determination unless the chancellor was manifestly wrong in his finding of fact or manifestly abused his discretion.Powers v. Powers, 568 So.2d 255, 257 (Miss. 1990). The process of weighing evidence and arriving at an award of child support is essentially an exercise in fact-finding, which customarily significantly restrains this Court's review. Cupit v. Cupit,559 So.2d 1035, 1036-37 (Miss. 1990).
In awarding child support a chancellor should consider the factors established in Brabham v. Brabham, 226 Miss. 165,84 So.2d 147 (1955). Those factors are:
 1. the health of the husband and his earning capacity;
 2. the health of the wife and her earning capacity;
 3. the entire sources of income for both parties;
 4. the reasonable needs of the wife;
 5. the reasonable needs of the child;
 6. the necessary living expenses of the husband;
 7. the estimated amount of income taxes the respective parties must pay on their incomes;
 8. the fact that the wife has the free use of the home, furnishings, and automobile, and
 9. such other facts and circumstances bearing on the subject that might be shown by the evidence.
Id., 84 So.2d at 153; Smith v. Smith, 585 So.2d 750, 752 (Miss. 1991); Powers, supra; Carpenter v. Carpenter,519 So.2d 891, 894 (Miss. 1988); See, Cupit v. Cupit, 559 So.2d 1035, 1037 (Miss. 1990).
The record sufficiently indicates that the chancellor considered these factors. Ray does not argue that the award was excessive, but that the chancellor, in considering his earning capacity, erroneously included his overtime pay to measure his earning capacity.
The trial court considered overtime in determining both Ray's and Patricia's earning capacity. Ray had worked overtime consistently for two years and had practically doubled his base salary. Considering the award itself, $250.00, a little over half of the amount needed to support the child, is not of such an amount as to create the belief that the chancellor gave undue weight to Ray's overtime income. Overtime income may be considered in determining *Page 623 
earning capacity under the circumstances. The chancellor was not manifestly wrong in including Ray's overtime in his earning capacity.
Ray contends that under the child support award guidelines of Miss. Code Ann. § 43-19-101, the award should only have been $134.25. We have stated that the statute is only a guideline and may not determine the specific need or the specific support required. We repeat that statement here. Jellenc v. Jellenc,567 So.2d 847, 848 (Miss. 1990); Thurman v. Thurman,559 So.2d 1014, 1017 (Miss. 1990); See also, Smith v. Smith, 585 So.2d at 753. The determination of the amount of support needed must be made by a chancellor who hears all the facts, views the witnesses, and is informed at trial of the circumstances of the parties and particularly the circumstances of the child.Thurman, 559 So.2d at 1017.
In addition to awarding Patricia $250.00 in child support, the chancellor ordered that the amount automatically increase to $300.00 a month on August 1, 1993. This increase was based on the fact that Lance would begin kindergarten at that time and have additional expenses. The chancellor's action was one of two things: (1) an anticipated modification or (2) an escalation clause.
There can be no modification of a child support decree absent a substantial and material change in the circumstances of one of the interested parties arising subsequent to the entry of the decree sought to be modified. Caldwell v. Caldwell,579 So.2d 543, 547 (Miss. 1991); Clark v. Myrick, 523 So.2d 79, 82 (Miss. 1988); Adams v. Adams, 467 So.2d 211, 214 (Miss. 1985).
This increase coincides with the child's starting kindergarten and anticipates that there will be additional expenses at this time. Under the rule the automatic increase, if it is a modification, is improper, as a modification can only result from substantial and material changes that follow the decree to be modified. There is no evidence that a modification is even needed. There is no evidence to establish a substantial and material change in circumstances as the change is an anticipated one. Furthermore, both parents' work funds are being expended now for the care of the minor child and this record is devoid of any evidence that kindergarten will cost more than what is now being spent. As an anticipatory modification the chancellor was in error to order the automatic increase of $50.00 to commence on August 1, 1993.
As stated by Justice Prather in Wing v. Wing, 549 So.2d 944, 947 (Miss. 1989), "Strong public policy calls for provision for increased financial needs of children without additional litigation, incurring attorney's fees, court congestion and delay, and emotional trauma." If this is an escalation clause and not a modification clause, this Court is called upon to review what the chancellor considered in creating an escalation clause.
In Wing we stated:
 Tedford [v. Dempsey, 437 So.2d 410 (Miss. 1983)] dictates that an escalation clause should be tied to: (1) the inflation rate, (2) the non-custodial parent's increase or decrease in income, (3) the child's expense, and (4) the custodial parent's separate income. See also, Adams v. Adams, 467 So.2d 211, 215 (Miss. 1985). These factors channel the escalation clause to relate to the non-custodial parent's ability to pay and the needs of the child. Id. An automatic adjustment clause without regard to all of the above factors runs the risk of overemphasizing one side of the support equation . . . H. Krause, Child Support in America — The Legal Perspective 24 (1981).
Wing v. Wing, 549 So.2d at 947.
After noting problems associated with escalation clauses Wing
urged the bench and bar, when using escalation clauses for child support, to:
 (a) specify with certainty the particular cost of living or consumer price index which is to be utilized (there are many); (b) show the applicable ratio (present CPI is to ascertainable CPI as present award is to future award); (c) calculate the base figure as of the date of judgment; (d) establish frequency of adjustments (we *Page 624 
suggest nothing less than yearly): and (e) establish an effective date for each adjustment (e.g.,
anniversary of date of judgment).
Id. at 948.
The provision inserted by the chancellor in this case is tied to only one event, the child starting kindergarten, and it lacks the specificity required for an escalation clause. The increase does not take into consideration any possible changes in income that either Ray or Patricia may experience. The chancellor was perfectly within his authority to include an escalation clause, but the basis for the calculation of the increase must be more specific. Furthermore, explanation is required for the increase if it is to be included in the original award. For the reasons set forth above, we reverse the chancellor on the finding of the automatic $50.00 increase but do so without prejudice to the right of either party at the appropriate time to apply for further modification.
Award of divorce and child support of $250.00 a month is affirmed. Automatic increase in support of $50.00 a month from and after August 1, 1993, is reversed and rendered.
AFFIRMED IN PART; REVERSED AND RENDERED IN PART.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, PITTMAN, BANKS and McRAE, JJ., concur.