GRIFFIS, J.,
 

 for the Court.
 

 ¶ 1. Shelia Barnett Grove (“Shelia”) appeals the chancellor’s calculation of an increase in child support against Charley Guy Agnew (“Charley”). Shelia claims that the chancellor did not follow Mississippi’s statutory guidelines for child support. Finding error, we reverse and remand.
 

 FACTS
 

 ¶2. Shelia and Charley have a minor child together. Shelia moved to modify the child support award based upon a material change in circumstances. The chancellor found that there had been a material change in circumstances and increased the amount of the child support award. In addition to his child with Shelia, Charley has a child that resides with him. The chancellor considered this child when he calculated the child support award for Shelia. Shelia filed a motion to alter or amend the judgment or alternatively, for a new trial, or for a correction under Rule 60(b) of the Mississippi Rules of Civil Procedure alleging that the chancellor did not follow the requirements of Mississippi Code Annotated section 43-19-101 (Rev. 2004) when he considered Charley’s other child in the determination of the child support award. The chancellor denied Shelia’s motion, and she now appeals.
 

 STANDARD OF REVIEW
 

 ¶ 3. Findings of the chancellor, as to domestic relation matters, will not be disturbed or set aside on appeal unless the decision of the chancellor was manifestly wrong and not supported by substantial
 
 *792
 
 credible evidence, or unless an erroneous legal standard was applied.
 
 Pittman v. Pittman,
 
 652 So.2d 1105, 1108 (Miss.1995). For questions of law, our standard of review is de novo.
 
 Harrison County v. Gulfport,
 
 557 So.2d 780, 784 (Miss.1990).
 

 ANALYSIS
 

 ¶ 4. Shelia argues that the chancellor did not follow the requirements of section 43-19-101. Charley failed to file a brief.
 

 ¶ 5. Section 43-19-101, which provides the child support award guidelines, states in part:
 

 (1) The following child support award guidelines shall be a rebuttable presumption in all judicial or administrative proceedings regarding the awarding or modifying of child support awards in this state:
 

 Number Of Children Due Support Percentage Of Adjusted Gross Income That Should Be Awarded For Support
 

 1 14%
 

 2 20%
 

 3 22%
 

 4 24%
 

 5 or more
 
 26%
 

 (2) The guidelines provided for in subsection (1) of this section apply unless the judicial or administrative body awarding or modifying the child support award makes a written finding or specific finding on the record that the application of the guidelines would be unjust or inappropriate in a particular case as determined under the criteria specified in Section 43-19-103.
 

 (3) The amount of “adjusted gross income” as that term is used in subsection (1) of this section shall be calculated as follows:
 

 (a) Determine gross income from all potential sources that may reasonably be expected to be available to the absent parent including, but not limited to, the following: wages and salary income; income from self employment; income from commissions; income from investments, including dividends, interest income and income on any trust account or property; absent parent’s portion of any joint income of both parents; workers’ compensation, disability, unemployment, annuity and retirement benefits, including an individual retirement account (IRA); any other payments made by any person, private entity, federal or state government or any unit of local government; alimony; any income earned from an interest in or from inherited property; any other form of earned income; and gross income shall exclude any monetary benefits derived from a second household, such as income of the absent parent’s current spouse;
 

 [[Image here]]
 

 (d) If the absent parent is also the parent of another child or other children residing with him, then the court may subtract an amount that it deems appropriate to account for the needs of said child or children;
 

 (e) Compute the total annual amount of adjusted gross income based on paragraphs (a) through (d), then divide this amount by twelve (12) to obtain the monthly amount of adjusted gross income.
 

 Upon conclusion of the calculation of paragraphs (a) through (e), multiply the monthly amount of adjusted gross income by the appropriate percentage designated in subsection (1) to arrive at the amount of the monthly child support award.
 

 (4)In cases in which the adjusted gross income as defined in this section is more than Fifty Thousand Dollars ($50,000.00) or less than Five Thousand Dollars ($5,000.00), the court shall make a written finding in the record as to whether
 
 *793
 
 or not the application of the guidelines established in this section is reasonable.
 

 Miss.Code Ann. § 43-19-101(l)-(4).
 

 ¶ 6. Here, the chancellor divided Charley’s adjusted gross income, which was $54,657.46, by twenty-six pay periods per year to get Charley’s biweekly adjusted gross income and multiplied by twenty percent. The chancellor used twenty percent to account for two children under section 43-19-101, Charley and Shelia’s child and Charley’s other child, and divided the amount by two. After this calculation, the chancellor awarded Shelia $210.22 biweekly for child support and an additional $24.92 biweekly due to necessary medical expenses for the child. This award represented approximately ten percent of Charley’s adjusted gross income, while the statutory percentage of adjusted gross income for one child is fourteen percent. Miss.Code Ann. § 43-19-101(1).
 

 ¶ 7. The child support award guidelines are “a rebuttable presumption in all judicial or administrative proceedings regarding the awarding or modifying of child support awards in this state.”
 
 Id.
 
 These percentages “apply unless the judicial or administrative body awarding or modifying the child support award makes a written finding or specific finding on the record that the application of the guidelines would be unjust or inappropriate in a particular case as determined under the criteria specified in [Mississippi Code Annotated section 43-19-103 (Rev.2004)].” Miss.Code Ann. § 43-19-101(2).
 

 ¶ 8. During the hearing on child support, Shelia’s attorney reminded the chancellor that he is required to make “a written finding in the record as to whether or not the application of the guidelines established in [section 43-19-101 are] reasonable” in situations in which the adjusted gross income is more than $50,000 or less than $5,000. Miss.Code Ann. § 43-19-101(4). Because Charley’s adjusted gross income was greater than $50,000, the chancellor was required to state on the record whether the guidelines were reasonable. The chancellor stated that the guidelines were reasonable, but that section 43-19-101(3)(d) allowed the chancery court to “subtract an amount that it deems appropriate to account for the needs of” the absent parent’s child if that child resides with the absent parent. The chancellor said that he deemed it appropriate that child support should be one-half of the twenty percent as opposed to fourteen percent, the percentage for one child under the guidelines. The chancellor made no additional findings about the guidelines.
 

 ¶ 9. Subsection (3)(d) of section 43-19-101 provides the method by which the chancellor may account for another child residing with the absent parent. “[T]he court may subtract an amount that it deems appropriate to account for the needs of said child or children” from the
 
 amount of adjusted gross income. Id.
 
 Here, the chancellor did not subtract an amount from the adjusted gross income; rather, he improperly used the guideline percentage for two children and divided it between the two children.
 

 ¶ 10. The chancellor did not follow the method provided in section 43 — 19—101 (3)(d) and did not provide any “written finding or specific finding on the record that the application of the guidelines would be unjust or inappropriate in [this] particular case” that would overcome the presumption that guidelines are appropriate under section 43-19-103. Miss.Code Ann. § 43-19-101(2). Therefore, we must reverse the chancellor’s judgment and remand so that the child support award may be calculated in accordance with section 43-19-101, or, alternatively, the chancellor must justify his failure to do so.
 

 
 *794
 
 ¶ 11. THE JUDGMENT OF THE CHANCERY COURT OF LEE COUNTY IS REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.