GRIFFIS, J,
concurring in part and dissenting in part:
¶ 25. With respect for the majority’s analysis, I disagree as to the modification of child support. I therefore dissent as to Issue II, but I concur with the remainder of the majority’s decision.
Whether the chancellor erred in awarding an increase in child support.
¶ 26. Without any detail of the evidence that supports the chancellor’s decision to modify the child support, the majority affirms the chancellor’s judgment which found a material change of circumstances and increased the amount of child support. I have examined the record and find the evidence does not support either the chancellor’s judgment or the majority’s decision.
¶ 27. The chancellor entered two orders of import. First, on October 24, 2008, the chancellor ordered an adjustment to the visitation, ordered Joshua Strange to “pay ½ of all extracurricular activities of the minor child with a maximum of $350 per year,” found Joshua in contempt for his late return of the child, assessed Joshua attorney’s fees in the amount of $750, and ordered Joshua to “pay to Plaintiff, Amy Strange, the amount of $430.00 per month as child support.” The chancellor did not include a finding there had been a material change of circumstances that supported the increase in the child-support award.
¶ 28. Next, on January 30, 2009, the chancellor denied Joshua’s motion for reconsideration and ruled:
The parties were divorce[d] on November 16, 2004. A Petition for Modification was filed on April 24, 2008. This Court entered an Order on October 24, 2008. The Defendant filed a Motion for Reconsideration on October 27, 2008. A hearing was held on December 5, 2008 on the Defendant’s Motion. At the hearing, the Defendant moved the Court to reconsider the Defendant’s child support obligation. At the trial, pursuant to Rule 8.05 of the Chancery Rules, the Defendant submitted tax returns from 2007 which showed an adjusted gross income of $38,162.00. The Court, in its Judgment of October 24, 2008, set the child support at $430.00 per month. This amount is below the guidelines, however, the Court required the Defendant, Joshua Strange, to pay an additional $350.00 a year for extra curricular activities. The Court finds that the Plaintiff has met the requirements of Evans v. Evans, 994 So.2d 765 (Miss.2008) regarding modification of the child support due to the increased needs of the child, she is older, there has been no modification since the divorce in 2004, and the Defendant’s income has in *1176 creased. The Defendant is directed to pay the additional sums for extra curricular activities and the $430.00 per month child support.
¶ 29. The chancellor’s orders constituted a modification of child support. The chancellor raised the monthly child support amount from $360 to $430 and made Joshua pay some additional extracurricular expenses.
¶ 30. I have two concerns with the chancellor’s order to modify the child-support obligation. First, the chancellor failed to follow the statutory guidelines, under Mississippi Code Annotated section 43-19-101 (Rev.2009), to determine Joshua’s income for purpose of the appropriate child-support calculation. Second, and more importantly, the record does not contain sufficient evidence to support the chancellor’s modification of Joshua’s child-support obligation.

A. The calculation of Joshua’s income was improper.

¶ 31. The chancellor’s order determined that Joshua’s 2007 tax return “showed an adjusted gross income of $38,162.00.” From this amount, the chancellor divided by twelve and multiplied that number by 14% to conclude that the monthly statutory child support should be $445. The chancellor reduced it to $430 because Joshua was required to pay half of the extracurricular activities.
¶ 32. The record does not reveal Joshua’s income in November 2004 — the date of the parties’ divorce. Joshua testified that he had an increase in his salary, but there was not precise testimony as to the amount of the increase in his pay. The record does not contain the Uniform Chancery Court Rule 8.05 financial statements that the parties prepared and served in November 2004.
¶ 33. The chancellor’s decision was based on Joshua’s 2007 income-tax return, which “showed an adjusted gross income of $38,162.00,” and applied the 14%, as required by section 43-19-101, to determine the amount of child support. The problem is that the chancellor failed to note the difference in the calculation of “adjusted-gross income” under the federal tax code and “adjusted-gross income” under the child-support guidelines in section 43-19-101.
¶ 34. Section 43-19-101 provides:
(1) The following child support award guidelines shall be a rebuttable presumption in all judicial or administrative proceedings regarding the awarding or modifying of child support awards in this state:
Number Of Children Percentage Of Adjusted Gross Due Support Income That Should Be Awarded For Support
1 14%
[[Image here]]
(2) The guidelines provided for in subsection (1) of this section apply unless the judicial or administrative body awarding or modifying the child support award makes a written finding or specific finding on the record that the application of the guidelines would be unjust or inappropriate in a particular case as determined under the criteria specified in Section 43-19-103.
(3) The amount of “adjusted gross income” as that term is used in subsection (1) of this section shall be calculated as follows:
(a) Determine gross income from all potential sources that may reasonably be expected to be available to the absent parent including, but not limited to, the following: wages and salary income;....
(b) Subtract the following legally mandated deductions:
*1177 (i) Federal, state and local taxes. Contributions to the payment of taxes over and beyond the actual liability for the taxable year shall not be considered a mandatory deduction;
(ii) Social security contributions;
(iii) Retirement and disability contributions except any voluntary retirement and disability contributions[.]
¶ 35. The record here gives us the following financial information. Joshua’s 2007 federal income-tax return reported total income of $41,762. He deducted “alimony paid” of $3,600 to arrive at an adjusted-gross income, for federal income-tax purposes, in the amount of $38,162.[1] He paid federal income taxes of $2,616. Joshua’s Mississippi state income-tax return indicated he had paid $1,343 in state taxes. Joshua’s 2007 W-2, which was issued by his employer, indicated he had paid $2,634.81 in social-security taxes and $616.27 in Medicare taxes. Thus, according to section 43-19-101(3), the proper calculation of Joshua’s 2007 income for child support purposes should have been:
Total income $41,762.00
Less: Federal income tax 2,616.00
State income tax 1,343.00
Social security tax 2,634.81
Medicare tax 616.27
Subtotal ($ 7,210.08)
Adjusted gross income (section 43-19-101) $34,561.92
Multiplied by section 43-19-101 percentage x .14
Divided by 12 months /12
Monthly child-support obligation $ 403
¶ 36. Here, assuming a modification was appropriate, the chancellor did not follow the statutory guidelines of section 43-19-101 and miscalculated Joshua’s child-support obligation. This Court has ruled previously that a chancellor’s failure to adhere to the appropriate statutory guidelines under section 43-19-101 in the calculation of a child-support payment is a sufficient ground for reversal unless the petitioner can demonstrate how adherence to the guidelines would be unjust or inappropriate. Grove v. Agnew, 14 So.3d 790, 793 (¶ 10) (Miss.Ct.App.2009).
¶ 37. I would reverse the modification of child support on the ground that the chancellor failed to follow the statutory guidelines to determine Joshua’s adjusted-gross income under section 43-19-101. Assuming that a modification is appropriate, I would remand for the chancellor to properly apply section 43-19-101.

B. There was no evidence to support a material change of circumstances.

¶ 38. The more troubling error, in my opinion, is there was not sufficient evidence for the chancellor to find a material change of circumstances that would permit a modification of Joshua’s child-support obligation.
¶ 39. Mississippi law for modification of child support is well settled. The supreme court concisely stated the law in Evans v. Evans, 994 So.2d 765, 770 (¶ 16) (Miss.2008), stating:
“There can be no modification of a child support decree absent a substantial and material change in the circumstances of one of the interested parties arising subsequent to the entry of the decree sought to be modified.” Gillespie v. Gillespie, 594 So.2d 620, 623 (Miss.1992) (citing Caldwell v. Caldwell, 579 So.2d 543, 547 (Miss.1991); Clark v. Myrick, 523 So.2d 79, 82 (Miss.1988); Adams v. Adams, 467 So.2d 211, 214 (Miss.1985)). The change must occur as a result of after-arising circumstances of the parties, not reasonably anticipated at the time of the agreement. Tingle v. Tin *1178 gle, 573 So.2d 1389, 1391 (Miss.1990); Clark, 523 So.2d at 82; Shaeffer v. Shaeffer, 370 So.2d 240, 242 (Miss.1979). Some of the factors which may be considered in determining whether a material change has taken place include: (1) increased needs caused by advanced age and maturity of the children; (2) increase in expenses; (3) inflation; (4) the relative financial condition and earning capacity of the parties; (5) the health and special needs of the child, both physical and psychological; (6) the health and special medical needs of the parents, both physical and psychological; (7) the necessary living expenses of the non-custodial parent; (8) the estimated amount of income taxes the respective parties must pay on their incomes; (9) the free use of a residence, furnishings, and automobile; and (10) such other facts and circumstances that bear on the support subject shown by the evidence. Adams, 467 So.2d at 215 (citing Brabham v. Brabham, 226 Miss. 165, 84 So.2d 147 (1955)).
¶ 40. Again, the record does not contain the Uniform Chancery Court Rule 8.05 financial statements that the parties prepared and served in November 2004. Neither the chancellor nor this Court can readily compare the income and expenses of the parties in November 2004 and the relevant dates for consideration under the petition for modification to see whether there had been a substantial or material change.
¶ 41. Instead, we must examine the Rule 8.05 disclosures dated August 2009 and the testimony presented. Amy testified that their child was three years old at the time of the divorce and now would like to engage in extracurricular activities such as dance and gymnastics. Her testimony was that the cost of these would increase her expenses by $65 per month. The chancellor’s order accounted for this when he ordered Joshua to pay half of the extracurricular activities. There was simply no other testimony to show any increase in expenses.
1142. Amy also testified that her income had increased by approximately $2,400 per year. She testified that this salary increase allowed her to meet all of her expenses and the child’s financial obligations. Amy testified that prior to her salary increase she was short approximately $147.22 per month. On cross-examination, Amy admitted that she was able to meet all of her and the child’s expenses. Amy’s testimony contradicts the primary basis for her petition to increase the monthly child-support payment. The evidence and Amy’s testimony indicated an improvement in both Amy’s and Joshua’s individual financial positions.
¶ 43. After examining the record, I simply find no evidentiary basis to support the modification. When the parties were divorced in 2004, they could have reasonably anticipated that their child would engage in extracurricular activities as she grew older. In my opinion, $65 per month in additional costs cannot be considered “substantial or material.”
¶ 44. Mississippi case law requires that a “substantial and material change in the circumstances of the interested parties [has occurred] after the [original divorce decree has been entered],” which supports their petition to modify child support. Gillespie v. Gillespie, 594 So.2d 620, 623 (Miss.1992). The supreme court defines a qualifying “material change” as one that is not reasonably anticipated or foreseeable as a material change in circumstances pri- or to the time of the original divorce decree. Tingle v. Tingle, 573 So.2d 1389, 1391 (Miss.1990). Even considering the ten factors identified in Evans, 994 So.2d at 770 (¶ 16), I cannot find that the evi- *1179 denee presented here justifies a modification of an existing child-support award. Indeed, to prevail and receive a modification, Amy needs to demonstrate that her financial responsibilities are so unduly burdened by the “purchase power of the existing child support award” that it fails to meet the current needs of the minor child. Turner v. Turner, 744 So.2d 332, 336 (¶ 17) (Miss.Ct.App.1999). Amy did not meet this evidentiary burden.
¶ 45. For these reasons, I dissent from the majority’s decision as to Issue II.
IRVING, ROBERTS AND MAXWELL, JJ„ JOIN THIS OPINION.

. Alimony is not an allowed deduction to adjusted-gross income under section 43-19-101.