737 So.2d 408 (1998)
Vikki Hughes WRIGHT (Massingale), Appellant,
v.
Mackey Mims WRIGHT, Jr., Appellee.
No. 97-CA-01638 COA.
Court of Appeals of Mississippi.
December 18, 1998.
Rehearing Denied March 9, 1999.
B. Ruth Johnson, Jackson, Attorney for Appellant.
Lee B. Agnew, Jr., Kate S. Eidt, Jackson, Attorney for Appellee.
*409 Before BRIDGES, C.J., and PAYNE, and SOUTHWICK, JJ.
PAYNE, J., for the Court:

PROCEDURAL POSTURE
¶ 1. This case is on appeal from an order of modification of child support entered by the Hinds County Chancery Court, the Honorable Stuart Robinson, presiding against the appellant, Vikki Massingale, on November 21, 1997. Feeling aggrieved, Vikki timely filed her notice of appeal,[1] challenging the chancery court's modification of the original decree reducing child support and relieving Mims of arrears allegedly owed by him for the summers of 1994 and 1995. After review of the record and applicable precedents, we sustain the chancellor below and overrule Vikki's assignments of error.

FACTS
¶ 2. Vikki Massingale (formerly Vikki Wright) and Mims Wright, Jr. were married on March 5, 1977. The union produced three children, namely Mims Hughes Wright, Elizabeth Watson Wright, and Neal Price Wright. The couple separated on June 15, 1991 because of irreconcilable differences. On January 21, 1992, Vikki and Mims entered into a child custody and property settlement agreement. The couple was granted a divorce and approval of their settlement agreement by the Hinds County Chancery Court on January 22, 1992. Vikki was awarded custody of the couple's three children, and Mims agreed to pay Vikki child support in the amount of $1,800 per month. The agreement also provided a visitation schedule.
¶ 3. Subsequent to the entry of the divorce decree, Mims moved to New Orleans and Vikki, her new husband, and the children moved to Boulder, Colorado. On July 3, 1993, Mims filed for a downward modification of his child support obligations, citing a substantial change in his financial status and the fact that Vikki's moving the children to Colorado required him to incur extraordinary travel expenses in order to exercise his visitation rights. In an effort to "buy peace", Vikki proposed a temporary agreed order to reduce child support in this case in April 1994; however, for reasons unclear in the record, the order was never filed in the chancery court. The couple operated on what both thought was a legal modification of their agreement through 1994 and 1995. On July 30, 1996, before her filing of this present litigation, Vikki rescinded the proposed temporary reduction after learning it was never formally filed with the chancery court. On October 31, 1996, Vikki filed her motion for citation of contempt. On January 22, 1997, Mims filed his answer to Vikki's motion, seeking enforcement of the never-filed agreed modification as well as a reduction in child support due to a material change in his financial circumstances.
¶ 4. On June 2, 1997, a trial on the merits was conducted before Hinds County Chancellor Stuart Robinson. After the trial, both parties submitted proposed findings of fact. On November 21, 1997, the chancery court issued its order of modification, enforcing the never-filed but followed agreement of modification of child support between Vikki and Mims as well as reducing Mims's child support obligations *410 because of a material change in his financial circumstances.

STANDARD OF REVIEW
¶ 5. Domestic relations matters are among the most difficult cases dealt with by our chancellors; therefore, the standard of review employed by this Court in these cases is very limited and abundantly clear. Chancellors are vested with broad discretion, and this Court will not disturb the chancellor's findings unless the court's actions were manifestly wrong, the court abused its discretion, or the court applied an erroneous legal standard. Sandlin v. Sandlin, 699 So.2d 1198, 1203 (Miss.1997); Johnson v. Johnson, 650 So.2d 1281, 1285 (Miss.1994); Crow v. Crow, 622 So.2d 1226, 1228 (Miss.1993); Gregg v. Montgomery, 587 So.2d 928, 931 (Miss.1991).

ANALYSIS AND DISCUSSION OF LAW

I. WHETHER THE CHANCELLOR ERRED BY ENFORCING THE NEVER-FILED AGREEMENT BETWEEN VIKKI AND MIMS REGARDING A REDUCTION OF CHILD SUPPORT FOR THE SUMMERS OF 1994 AND 1995
¶ 6. Vikki's first assignment of error alleges that the chancellor erred in enforcing the never-filed agreement regarding the reduction in child support for the summers of 1994 and 1995. True, the agreement was never filed, but it was followed by both Vikki and Mims under their good faith beliefs that the order had been entered as a formal modification to their 1992 divorce decree. While the filing of a formal petition and order is preferred, equity does not prohibit a chancellor from crediting the non-custodial parent for time when the children are in his care absent a formal modification of a previous order. Alexander v. Alexander, 494 So.2d 365, 367 (Miss.1986). By not enforcing the good faith agreement between Vikki and Mims reducing the child support paid Vikki during the periods that the children were with Mims, Vikki would be unjustly enriched, a result forbidden in equity. Crow v. Crow, 622 So.2d 1226, 1231 (Miss. 1993); Alexander, 494 So.2d at 367-68 (Miss.1986). Vikki relies on Tanner v. Roland, 598 So.2d 783 (Miss.1992) as support for the proposition that the mutual agreement between Vikki and Mims should not have been enforced. However, in Tanner the modification dealt with child support obligations already accrued and past due; in the case at bar, the mutual agreement between Mims and Vikki dealt with obligations not yet due to Vikki. The modification was not a unilateral move by Mims, but was agreed to by both Vikki and Mims after negotiation. We cannot say that the chancellor's action in enforcing the agreement in this case is inconsistent with the present precedents of this state, and we do not find that the chancellor abused his discretion or was manifestly wrong in his decision in this regard. Accordingly, we affirm the chancellor's decision to enforce the mutual agreement between Vikki and Mims in this case. We reiterate, however, that we are not abrogating the general rule that the court, and not litigants, is the entity with authority to modify its rulings. Equity dictates this result under the particular facts in this case.

II. WHETHER THE CHANCELLOR ERRED IN FINDING THAT A MATERIAL CHANGE OF CIRCUMSTANCE HAD OCCURRED WITH MIMS'S FINANCIAL SITUATION SUCH THAT A REDUCTION OF CHILD SUPPORT WAS APPROPRIATE
¶ 7. Vikki's second assignment of error attacks the chancellor's finding of a material change in Mims's financial condition such that a reduction of child support was appropriate. A chancellor can modify an award of child support only if there is a material or substantial change in the circumstances of one of the parties. Bruce v. Bruce, 687 So.2d 1199, 1202 (Miss.1996) (citing Shipley v. Ferguson, 638 So.2d 1295, 1297 (Miss.1994); Morris v. Morris, *411 541 So.2d 1040, 1042-43 (Miss.1989)). With regard to the modification of child support, this Court will only disturb a chancellor's findings if we find a manifest error in the findings of facts or an abuse of discretion. Bruce, 687 So.2d 1199, 1202 (Miss.1996) (citing Hammett v. Woods, 602 So.2d 825, 828 (Miss.1992)). In this case, the chancellor found that, based on the evidence presented, that Mims had suffered a material change in his financial condition due to "the diminution ... of assets." Vikki was afforded the opportunity to present contra evidence supporting her contention that no material change had occurred in Mims's financial condition. The chancellor, after taking testimony from Vikki and Mims, concluded that Mims's proof of a material change in his financial circumstances was the more credible. The chancellor was in the best position to access the credibility of the witnesses and their respective testimony and proof regarding the matter at issue. As is well-established, the chancellor is vested with assessment of witness credibility, and "the interpretation of evidence where it is capable of more than one reasonable interpretation...." Crow v. Crow, 622 So.2d 1226, 1229 (Miss.1993); Rainey v. Rainey, 205 So.2d 514, 515 (Miss.1967). The chancellor found Mims's evidence more credible and ordered a reduction accordingly, applying Mims's present financial disclosures against the relevant statute to arrive at the statutory amount of support. Finding no abuse of discretion, we decline to disturb the chancellor's findings.
¶ 8. THE JUDGMENT OF THE HINDS COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED AGAINST THE APPELLANT.
BRIDGES, C.J., McMILLIN and THOMAS, P.JJ., and COLEMAN, DIAZ, HERRING, HINKEBEIN, KING, and SOUTHWICK, JJ., concur.
NOTES
[1] We take this opportunity to emphasize the importance of compliance with the Mississippi Rules of Appellate Procedure. The rules of appellate procedure are designed "to facilitate the just and efficient disposition of causes brought before the Supreme Court and the Court of Appeals. Accordingly, compliance with even the most technical requirements of the rules is encouraged." M.R.A.P. 2 cmt. (emphasis added). The rules are not overly difficult or demanding and are easily understandable. The key is for counsel to take the time to consult the rules and strive to comply with those rules. If attorneys find themselves unable to comply with the rules of procedure, enlargements of time should be sought instead of disregarding the rules and filing whenever it is convenient for counsel. We also urge all attorneys to review M.R.A.P. 2 which provides for discretionary dismissals and other possible sanctions for failure to comport with the M.R.A.P.