728 So.2d 580 (1998)
Michael Ronnie HAVENS, Appellant,
v.
Virginia Litton (Havens) BROOCKS, Appellee.
No. 97-CA-01595 COA.
Court of Appeals of Mississippi.
December 30, 1998.
*581 Raymond M. Baum, Winona, Attorney for Appellant.
Harris Sullivan, Mendenhall, Attorney For Appellee.
Before THOMAS, P.J., and COLEMAN and HINKEBEIN, JJ.
THOMAS, P.J., for the Court:
¶ 1. This appeal arises from a judgment of the Grenada County Chancery Court in which a previous divorce decree was modified to reflect the following: (1) that Michael Ronnie Havens, the father, increase his child support for the minor children from $250 per month to $500 per month, being the sum of $250 per child, (2) that Havens maintain for the said minor children a medical plan or medical insurance policy, (3) that Havens pay $908.72 for previous medical expenses incurred for the said minor children, (4) that Havens pay $50 per month on outstanding dental and orthodontic bills until his portion is paid in full, and (5) that Havens pay one-half of the court costs in this cause within 30 days hereof, and (6) that Havens shall pay to Virginia Litton (Havens) Broocks an attorney's fee of $1320 to be paid at $100 per month until said $1320 is paid in full. Havens appeals on the following assignments of error:
I. THE CHANCELLOR COMMITTED MANIFEST ERROR IN AWARDING AN EXCESSIVE AMOUNT TO BE PAID AS CHILD SUPPORT.
II. THE CHANCELLOR ERRED IN AWARDING ATTORNEY FEES TO APPELLEE.
Finding no error, we affirm.

FACTS
¶ 2. Michael Ronnie Havens and Virginia Litton (Havens) Broocks were married in 1976. Two children were born to their marriage: Jennifer Havens on October 24, 1980 and Bridget Havens on January 11, 1982. The Havens were granted a divorce on May 11, 1984. From that divorce the following agreement was executed: (1) that the paramount custody of the two minor children is awarded to Virginia Havens, (2) that Mrs. Havens is awarded exclusive use and benefit of the home, (3) that Mr. Havens shall maintain a medical plan or medical insurance policy for the minor children and that medical expenses not covered by the said plan will be shared equally between the parties, and (4) that Mr. Havens shall pay child support in the amount of $250 per month payable weekly at $57.70 per week.
¶ 3. Mrs. Havens, now Mrs. Broocks upon a remarriage, filed a petition to modify decree of divorce and for judgment for past due support on March 28, 1997. In her petition Broocks maintained that the original award of $250 in child support was insufficient, given the additional cost of living which accompanies the support of children as they grow older. Additionally, Broocks argued that substantial dental and orthodontic expenses as well as additional medical expenses had been incurred and will continue to be incurred and that Havens is responsible for his portion of the expenses as stated in the May 11, 1984 divorce decree.
¶ 4. The petition was heard on September 25, 1997 in the Chancery Court of Grenada County before Judge Dennis M. Baker. From that hearing, together with the testimony and evidence produced, the following judgment was entered on November 17, 1997:(1) that Michael Ronnie Havens, the father, increase his child support for the minor children from $250 per month to $500 per month, being the sum of $250 per child, (2) that Havens continue to maintain for the said minor children a medical plan or medical insurance policy, (3) that Havens pay $908.72 to Broocks for previous medical expenses incurred for the said minor children for which he was legally obligated, (4) that Havens pay one-half of the court costs in this cause within 30 days hereof, (5) that Havens pay $50 per month on outstanding dental and orthodontic bills until his portion is paid in full, and (6) that Havens shall pay to Broocks an attorney's fee of $1320, to be paid at $100 per month until said $1320 is paid in full.
¶ 5. The award of past due support in the amount of $908.72 consisted of the following: (1) $500.55 in dental and orthodontic expenses incurred for benefit of the minor children and previously paid by Broocks, (2) $45 *582 in toenail excisions for Jennifer Havens, (3) $19.28 for prescription drugs, and (4) medical bills in the amount of $343.89. At the time the petition was filed, the sum of $3,212.90 was still owed on orthodontic bills and that each party owed $1,606.45 on the sum payable at $50 per month until each has paid his or her balance in full.

ANALYSIS

I.

THE CHANCELLOR COMMITTED MANIFEST ERROR IN AWARDING AN EXCESSIVE AMOUNT TO BE PAID AS CHILD SUPPORT.
¶ 6. Havens argues that the modification of child support awarded by the chancery court was an abuse of the chancellor's discretion and beyond the statutory guidelines set forth in Miss.Code Ann. § 43-19-103 (Rev.1993). Havens argues that the chancery court erroneous reached its decision, in part, on cost of living increases and that as such are not a justifiable factor under § 43-19-103 for departing from the guidelines contained in Miss.Code Ann. § 43-19-101 (Rev.1993). Havens further argues that the chancery court's decision, to increase child support, was inappropriate given Havens prior obligations to provide medical insurance and to pay one-half of the expenses not covered by the policy. He also argues that it is clear from the evidence that Broocks has sufficient assets to cover the nominal costs of any activities that her daughters may want to pursue.
¶ 7. Our review of domestic relations issues is well settled. When a domestic relations case is on appellate review, a chancellor's factual findings will not be disturbed if substantial evidence exists to support his findings of fact. Brooks v. Brooks, 652 So.2d 1113, 1124 (Miss.1995) (citations omitted). In a domestic relations context, this Court will not disturb the findings of a chancellor unless the chancellor was manifestly wrong or clearly erroneous, or if an erroneous legal standard was applied. Setser v. Piazza, 644 So.2d 1211, 1215 (Miss.1994) (citations omitted); see also Steen v. Steen, 641 So.2d 1167, 1169 (Miss.1994) (stating that appellate review is limited since court will not disturb the chancellor's findings unless manifestly wrong or clearly erroneous, or if erroneous legal standard was applied) (citation omitted); Morris v. Stacy, 641 So.2d 1194, 1196 (Miss. 1994) (stating that chancellors have broad discretion regarding child support modification, but court will reverse if chancellor committed manifest error in a finding of fact or abused his discretion) (citations omitted); McEwen v. McEwen, 631 So.2d 821, 823 (Miss.1994) (stating that while chancellor is given broad discretion in area of child support modification, court will reverse when chancellor was manifestly in error in finding of fact or if abuse of discretion is evident) (citation omitted); Crow v. Crow, 622 So.2d 1226, 1228 (Miss.1993) (stating that appellate court is required to respect findings of fact made by chancellor that are supported by credible evidence and not manifestly wrong, particularly regarding divorce and child support matters) (citations omitted). This Court is required to respect a chancellor's findings of fact that are supported by credible evidence, particularly in the areas of divorce and child support. Steen, 641 So.2d at 1169 (citations omitted).
¶ 8. The Mississippi Supreme Court has also addressed the burden of proof regarding a request to modify a child support provision of a final divorce decree. McEachern v. McEachern, 605 So.2d 809, 813 (Miss. 1992). A party seeking financial modification must show a material change in circumstances of one or more of the interested parties (father, mother, or children) arising subsequently to the original decree. Id. (citations omitted); see also Setser, 644 So.2d at 1215 (stating that child support modification may be warranted by a showing of an after-arising material change in circumstances of one or more interested parties) (citing Gregg v. Montgomery, 587 So.2d 928, 931 (Miss. 1991)).
¶ 9. Upon careful review of the record, we are satisfied that the chancellor's factual findings were supported by substantial, credible evidence. In view of the testimony and evidence presented before the court, it is apparent that the chancellor's *583 factual findings included a finding that a material change in circumstances existed to justify an increased award of child support. Evidence was presented supporting the additional needs of the two minor children, now in their teenage years. It is clearly evident that as children grow in age, so does the cost associated with their rearing. Testimony and evidence of their academic achievements and educational needs together with their extracurricular activities were presented to the chancellor. These findings were included in his decision to increase the previous award of child support from $250 per month to $500 per month based upon $250 per child.
¶ 10. Havens's argument that the chancellor committed error in reaching his decision by applying increases in the cost of living is not well taken. A review of the factors listed in § 43-19-103 disposes of this argument and correctly justifies an increase based, in part, on the greater age of the minor children. Under § 43-19-103(i) the chancellor may overcome the guidelines set forth in § 43-19-101 if:
the application of the guidelines would be unjust or inappropriate in a particular case as determined according to the following criteria:
(e) The age of the child, taking into account the greater needs of older children.
(i) Any other adjustment which is needed to achieve an equitable result which may include, but not be limited to, a reasonable and necessary existing expense or debt.
Miss.Code Ann. § 43-19-103 (Rev.1993).
¶ 11. It is readily apparent that there has been no increase in child support since the original award in 1984. Further, there was nothing in the original decree to take into account any periodic adjustments of child support to keep up with the additional increases in the cost of living that have occurred. These factors together with the greater needs of the children were stated by the chancellor as justification for the increase in child support.
¶ 12. The chancellor's decision reflects these considerations based on the testimony and evidence presented before the court. The chancellor properly, and within his discretion, adjusted the original award of child support to reach an equitable resolution of the dispute. We cannot say that the chancellor's decision was manifestly wrong or clearly erroneous, nor can we say that an incorrect legal standard was applied given the testimony and evidence that was presented. This assignment of error is without merit.

II.

THE CHANCELLOR ERRED IN AWARDING ATTORNEY FEES TO APPELLEE
¶ 13. "The award of attorney's fees in a divorce case is generally left to the discretion of the chancellor." Brooks, 652 So.2d at 1120 (citation omitted). The Mississippi Supreme Court has held:
[W]hen a party is able to pay attorney's fees, award of attorney's fees is not appropriate. Martin v. Martin, 566 So.2d 704, 707 (Miss.1990). However, where the record shows an inability to pay and a disparity in the relative financial positions of the parties, we find no error. Powers v. Powers, 568 So.2d 255 (Miss.1990).
Brooks, 652 So.2d at 1120 (citing Hammett v. Woods, 602 So.2d 825, 830 (Miss.1992)).
¶ 14. Havens argues that there was no proof as to Broocks's inability to pay and that the court erred in awarding Broocks attorney's fees. However, the record contradicts Havens's arguments. The financial declarations of the parties and accompanying testimony do reflect Broocks's inability to pay in that her expenses clearly exceed her income. Havens fails to recognize the proof offered as to Broocks's attorney fees. Evidence was presented that Broocks had previously paid $935 toward her attorney fees and a balance of $2,412.98 remained as of the date of the hearing. Additional evidence reveals that Havens incurred attorney fees of $2,100. Therefore, we find that the chancellor was well within his discretion in awarding Broocks partial payment, $1,320, of her attorney fees. This assignment of error is without merit
¶ 15. THE JUDGMENT OF THE GRENADA COUNTY CHANCERY COURT IS *584 AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
BRIDGES, C.J., McMILLIN, P.J., and COLEMAN, DIAZ, HERRING, HINKEBEIN, KING, PAYNE and SOUTHWICK, JJ., concur.