806 So.2d 273 (2000)
Sherry Marie Helms CHILDS, Appellant,
v.
Fred Allen CHILDS, Appellee.
No. 1998-CA-01283-COA.
Court of Appeals of Mississippi.
June 13, 2000.
Philip Mansour Jr., Greenville, Attorney For Appellant.
*274 John H. Daniels, III, Greenville, Attorney For Appellee.
BEFORE KING, P.J., PAYNE, AND THOMAS, JJ.
KING, P.J., for the Court:
¶ 1. On November 13, 1997, Sherry and Fred Childs were granted an irreconcilable differences divorce by the Humphreys County Chancery Court. The decree reserved for resolution several issues, among them equitable distribution of marital property. These issues were tried before the Court on March 4, 1998, and a final judgment entered April 8, 1998. Sherry Childs now appeals assigning as error the failure of the court to make an adequate division of marital assets.
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. The Childs were married on July 16, 1972, when he was twenty-one and she was eighteen. They separated on September 5, 1995. They had two children. The youngest who was then twenty years old, attended college and maintained a residence separate from both parents.
¶ 4. Mr. Childs farmed throughout the marriage. Working together, the parties had managed to acquire 265 acres, upon which they raised various row crops and catfish. Mrs. Childs was the bookkeeper for the family and the farm. Mrs. Childs continued to maintain the farm books for several months after separation.
¶ 5. In addition to her work as bookkeeper, Mrs. Childs also held other jobs, ranging from sales clerk to nursing home manager. At the time of divorce, Mrs. Childs was employed as a legal secretary. The high point of Mrs. Childs' employment history was service as a nursing home manager, in which capacity her income exceeded $40,000 a year.
¶ 6. While maintaining the books, Mrs. Childs falsified the records to show that the farm and family accounts contained more than they actually did. Indications are that Mrs. Childs periodically diverted to a separate personal account various funds from the farm and family accounts.
¶ 7. In 1996, Mrs. Childs was charged with multiple counts of embezzlement of farm assets. She agreed to make restitution for these funds and was placed in the diversion program in June 1997.
¶ 8. In September of 1995, prior to filing for divorce, Mrs. Childs executed a quitclaim deed, which conveyed to Mr. Childs all of her interest in the farm acreage and the marital home. The chancellor held that this transfer was necessitated by Mrs. Child' misappropriation of family funds and resolved the issue of equitable distribution.

STANDARD OF REVIEW
¶ 9. The standard under which this Court reviews domestic relation matters is clear and limited. Unless the chancellor was manifestly wrong, clearly erroneous, or applied an erroneous legal standard, this Court will not reverse the chancellor in relation matters Carrow v. Carrow, 741 So.2d 200 (¶ 9) (Miss.1999), Hankins v. Hankins, 729 So.2d 1283 (¶ 9) (Miss.1999).

ANALYSIS
¶ 10. The chancellor, having heard the evidence, made detailed findings of fact. These findings were then considered in light of the equitable distribution guidelines established in Ferguson v. Ferguson, 639 So.2d 921, 928 (Miss.1994)
¶ 11. Findings of fact by a chancellor must be accepted if supported by substantial evidence. The rule is that findings *275 of fact are not disturbed if substantial evidence supports them. Premeaux v. Smith, 569 So.2d 681, 683-84 (Miss.1990); Wing v. Wing, 549 So.2d 944, 947 (Miss. 1989); Carr v. Carr, 480 So.2d 1120, 1124 (Miss.1985).
¶ 12. This court does not deem it necessary to repeat all of the chancellor's findings here. However, there are two findings of fact by the chancellor, which are particularly relevant to our consideration of Mrs. Childs' alleged errors. They are (1) that Mrs. Childs dissipated at least $264,750 in cash and other marital assets and (2) the parties resolved their respective interests in the marital property by the execution of the September 19, 1995 quitclaim deed. There exists in the record substantial credible evidence upon which the chancellor could base both of these findings.
¶ 13. The chancellor held that, at a minimum, Mr. Childs had proven the dissipation of $264,750 in family assets. This figure included (1) $110,000 diverted to her personal account, (2) $50,000 taken from an operations loan for the fish farm, (3) $15,000 from the sale of a family vehicle, (4) $10,750 in insurance proceeds for vehicle damage, (5) $8,000 to pay an unauthorized loan, (6) $20,000 given to Mrs. Childs to pay the Farmers Home Administration, insurance and ad valorem taxes, (7) $21,000 to pay an American Express account, and (8) a $30,000 certificate of deposit.
¶ 14. Mrs. Childs has argued that the family ultimately benefitted from these expenditures, while Mr. Childs argues the contrary. Such a conflict in testimony presents a classic question of credibility, which is to be resolved by the chancellor. Brawley v. Brawley, 734 So.2d 237, 241 (¶ 11) (Miss.Ct.App.1999); Mixon v. Mixon, 724 So.2d 956, 960 (¶ 12) (Miss.Ct.App. 1998).
¶ 15. The parties offered testimony, from which the chancellor might have accepted either position. However, the chancellor found that testimony offered on behalf of Mr. Childs to be the more credible. The law is well settled that this Court is bound by the chancellor's finding of credibility. Wright v. Wright, 737 So.2d 408, 411 (¶ 7) (Miss.Ct.App.1999); Allred v. Allred, 735 So.2d 1064, 1070 (¶ 26) (Miss.Ct.App.1999).
¶ 16. The chancellor noted that equitable distribution under Ferguson, may also take into account the prior distribution of marital assets. Such consideration is appropriate whether the distribution has been by mutual agreement or unilateral action. Weathersby v. Weathersby, 693 So.2d 1348, 1354 (Miss.1997).
¶ 17. The chancellor found that the $264,750 of marital assets spent by Mrs. Childs were by unilateral action. This sum was approximately twice Mr. Childs' net worth of $132,000 as determined by the chancellor.
¶ 18. If this Court assumes an equal distribution of net assets with Mr. Childs retaining the related debt, Mrs. Childs would have been entitled to receive $66,000. Under the chancellor's findings, Mrs. Childs has previously appropriated to herself more than four times what she would have been entitled to receive in equitable distribution. Under these facts, we cannot say that the chancellor abused her discretion, or was manifestly wrong.
¶ 19. Likewise because Mrs. Childs had previously received about four times her entitlement under equitable distribution, we cannot say that the chancellor abused her discretion or was manifestly wrong in holding that the quitclaim deed adjusted the equities between the parties.
¶ 20. Accordingly, the actions of the chancellor are affirmed.
*276 ¶ 21. THE JUDGMENT OF THE HUMPHREYS COUNTY CHANCERY COURT DENYING WIFE'S CLAIM FOR EQUITABLE DISTRIBUTION IS AFFIRMED. ALL COST OF THIS APPEAL ARE TAXED TO THE APPELLANT.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.