KING, P.J.,
for the Court:
¶ 1. On May 4, 1994, Rita H. Holzhauer Markofski (Markofski) and James L. Hol-zhauer were granted a divorce based on irreconcilable differences. The parties executed a child custody, support and property distribution agreement. Pursuant to that agreement, the couple shared joint custody of the one child born during the marriage with primary physical custody given to Ms. Markofski. In August 1997, Mr. Holzhauer filed a petition for citation of contempt against Ms. Markofski for failure to abide by the agreement. Ms. Mar-kofski responded with a counterclaim for contempt and modification of child support. In a judgment entered on April 5, 1999, the chancellor granted Ms. Markof-ski the sum of $23,906 with costs and interest as compensation for medical expenses incurred as a result of Mr. Hol-zhauer’s failure to provide her with comparable medical insurance as required by their agreement. The chancellor denied Ms. Markofski’s request for contempt citation against Mr. Holzhauer for failure to transfer title to a Camaro vehicle to her daughter, Alexa Scroggins, and for nonpayment of college expenses for the same daughter.
¶ 2. Aggrieved by the chancellor’s ruling, Ms. Markofski has appealed and raised the following issues, which we quote verbatim from her brief: (1) Whether the chancellor abused her discretion in failing to apply the child support guidelines based upon Rita H. Holzhauer Markofski’s counterpet-ition for modification of child support; (2) Whether the chancellor committed manifest error, was clearly erroneous, or applied an erroneous legal standard in failing to order James Holzhauer to turn over the title of the 1993 Camaro to Rita’s daughter, Alexa Clay Scroggins; (3) Whether the chancellor committed manifest error, was clearly erroneous, or applied an erroneous legal standard in failing to order James to pay the college expenses of Rita’s daughter, Alexa Clay Scroggins; and (4) Whether the chancellor committed manifest error, was clearly erroneous, or applied an erroneous legal standard in failing to award Rita attorney fees.
¶ 3. Mr. Holzhauer has also appealed and raised the following issues, which we quote verbatim from his brief: (1) The trial court erred as a matter of law and fact in refusing to temporarily suspend James’ obligation to support his son; (2) The trial court erred on dismissing the alienation of affection claim; (3) The chancellor erred in overruling the request for *164 damages for intentional infliction of emotional distress; and (4) The chancellor erred in not allowing cross appellant his attorney fees.
¶ 4. This Court affirms in part and reverses and remands in part.
FACTS
¶ 5. The Holzhauers were married on January 2, 1982, in Little Rock, Arkansas. They lived together until their separation on January 1, 1994, in Lowndes County, Mississippi. Ms. Markofski had two children from a previous marriage, Alexa Scroggins and Sara Scroggins, neither of whom was adopted -by Mr. Holzhauer. Mr. Holzhauer initially agreed to pay Ms. Markofski $1,000 per month for child support. On March 25, 1997, an agreed order was entered raising the child support to $1,500 per month.
¶ 6. On August 8, 1997, Mr. Holzhauer petitioned the chancery court to cite Ms. Markofski for contempt and other relief. Things requested included custody of his son along with damages for alienation of the son’s affection and intentional infliction of emotional distress by Rita Holzhauer, and attorney’s fees.
¶ 7. On December 4,1997 and January 8, 1998, Ms. Markofski filed responses to Mr. Holzhauer’s requests and filed counterclaims for citation for contempt and for modification of former decree where she requested an increase in child support, $5,000 for college expenses for Alexa, delivery of title to the Mazda now in Alexa’s possession, comparable health insurance to that which existed on the date of the divorce, and reasonable attorney fees.
¶ 8. On April 23, 1998, Ms. Holzhauer Markofski filed an amended counterclaim for citation for contempt, modification of former decree and other relief to include an amount of $20,000 for Alexa’s college expenses.
¶ 9. On June 23rd, 24th, and 29th, 1998, the chancellor conducted a hearing on both parties’ motions. During the hearing, the son testified that while he loved his father, he did not want to live with him and would not stay with his father even if ordered to do so by the court. Subsequently, Mr. Holzhauer abandoned his request for a change in custody and asked the court to temporarily suspend his obligation to pay child support. During the course of the proceeding, the son amended his testimony by stating that he loved his father, but did not want to visit or live with him, but he would do so if ordered by the court.
¶ 10. After considering all of the evidence, the chancellor ordered the following:
(1) That Mr. Holzhauer should continue to pay $1,500 per month as child support for the support and maintenance of the minor child;
(2) That Mr. Holzhauer should have visitation with his son for two weeks in the summer and one week at Christmas each year. He should also have visitation during spring break from school and for Thanksgiving holidays in odd numbered years, with additional visitation as agreed to by the parties;
(3) That Ms. Holzhauer Markofski be awarded $23,906 with costs and interest to compensate her for medical expenses she incurred as a result of Mr. Hol-zhauer’s failure to provide her with a comparable medical insurance policy as agreed to in their separation agreement;
(4) That Mr. Holzhauer continue to be required to provide comparable medical insurance for Ms. Holzhauer Markofski according to the terms of the parties’ separation agreement;
(5) That there was insufficient evidence presented at trial that Ms! Holzhauer Markofski did not timely respond to re *165 quests for information regarding her medical insurance coverage, as would es-top her from asserting her claims for reimbursement of medical expenses;
(6) That there was insufficient cause for a finding of contempt against Mr. Hol-zhauer regarding not transferring title to a Camaro vehicle or for his nonpayment of college expenses for Ms. Hol-zhauer Markofski’s daughter, Alexa Scroggins;
(7) That Mr. Holzhauer’s claims for damages for intentional infliction of emotional distress and alienation of affection of his relationship with his son are without merit and should be denied; and
(8) That both parties’ request for attorneys fees should be denied, as each is capable of paying his or her own attorney’s fees.
ISSUES AND ANALYSIS
STANDARD OF REVIEW
¶ 11. When a domestic relations case is on appellate review, a chancellor’s factual findings will not be disturbed unless the court’s actions were manifestly wrong, the court abused its discretion, or applied an erroneous legal standard. Wright v. Wright, 737 So.2d 408 (¶ 5) (Miss.Ct.App.1998) (citing Sandlin v. Sandlin, 699 So.2d 1198, 1203 (Miss.1997)); Johnson v. Johnson, 650 So.2d 1281, 1285 (Miss.1994); Crow v. Crow, 622 So.2d 1226, 1228 (Miss.1993); Gregg v. Montgomery, 587 So.2d 928, 931 (Miss.1991).
I.
Whether the chancellor abused her discretion in failing to apply the child support guidelines based upon Rita H. Hol-zhauer Markofski’s counterpetition for modification of child support.
¶ 12. Ms. Markofski contends that the chancellor erred in continuing to allow Mr. Holzhauer to pay $1,500 for child support which was agreed upon by both parties. Ms. Markofski suggests that the evidence demonstrated a substantial change in circumstances which warranted an increase in child support. Among those changes were a decrease in her income, an increase in Mr. Holzhauer’s income and increased needs by the child due to his age and size.
¶ 13. The relevant portion of the statutory child support guidelines, Miss.Code Ann. Section 43-19-101 (Rev.2000), provides:
(1) The following child support award guidelines shall be a rebuttable presumption in all judicial or administrative proceedings regarding the awarding or modifying of child support awards in this state:
[[Image here]]
(4) In cases in which adjusted gross income as defined in this section is more than Fifty Thousand Dollars ($50,000.00) or less than Five Thousand Dollars ($5,000.00), the court shall make a written finding in the record as to whether or not the application of the guidelines established in this section is reasonable.
¶ 14. Ms. Markofski and the minor child testified that his extracurricular and recreational activities required additional money. As a demonstration of the need for additional money, Ms. Markofski tendered the following list of the child’s estimated expenditures for 1998:
A) School Related Items $ 8,800
B) Recreational Items $21,300 (includes $13,000 for a swimming pool)
C) Entertainment $16,130
D) Food and clothing $17,800
*166 E) Sporting & Athletic Related Items $15,900
P) Other Items $ 3,800 (pet care and vet bills)
G) totals for year $83,730
H) monthly average $ 6,978
¶ 15. To justify a modification of the child support payments, Ms. Markofski had to demonstrate a material change in the circumstances of one or more of the interested parties arising after the entry of the original agreement. Havens v. Broocks, 728 So.2d 580 (¶ 8) (Miss.Ct.App.1998) (citing McEachern v. McEachern, 605 So.2d 809, 815 (Miss.1992)).
¶ 16. The chancellor found no substantial change in circumstances which occurred that could not have been anticipated by the parties since their divorce. She also determined pursuant to Miss.Code Ann. Section 43-19-101(4) (Rev.2000) that monthly child support in the amount of $5,425.42 would be an unreasonable amount given the son’s age and his reasonable needs, and the support guidelines were therefore inappropriate. The chancellor determined that Mr. Holzhauer’s current child support obligation of $1,500 per month was a sufficient amount to provide for a healthy teenage boy. Given the record before this Court, we cannot say that the chancellor’s actions were manifestly wrong or that they constituted an abuse of discretion.
II.
Whether the chancellor committed manifest error, was clearly erroneous, or applied an erroneous legal standard in failing to order James Holzhauer to turn over the title of the 1993 Camaro to Rita’s daughter, Alexa Clay Scroggins.
¶ 17. Ms. Markofski contends that since Mr. Holzhauer agreed to convey to his step-daughter Alexa the 1993 Camaro in the separation agreement, that the chancellor should have required that Mr. Holzhauer either transfer title to the Ca-maro or transfer title to the vehicle which replaced the Camaro.
¶ 18. The separation agreement, incorporated in the final judgment of divorce, constituted a valid contract between Mr. Holzhauer and Ms. Markofski. East v. East, 493 So.2d 927, 932 (Miss.1986). After the divorce was entered, Alexa notified Mr. Holzhauer of mechanical difficulties with the Camaro. Mr. Holzhauer traded the Camaro for a Mazda 626 automobile, which Alexa has driven since that time.
¶ 19. Accordingly, the chancellor determined that since Mr. Holzhauer no longer had title to the Camaro, he could not perform this portion of the separation agreement and that the vehicle was traded with Alexa’s knowledge. The chancellor noted that Alexa may seek to enforce any agreement she and Mr. Holzhauer had regarding the vehicle if she elects to do so, but concluded that because this action is between Mr. Holzhauer and Ms. Markofski only, the proper parties were not before the court for such a determination.
¶ 20. However, we find that the proper parties were before the court to have this matter addressed. Mr. Holzhauer agreed to transfer title to Alexa as a part of the resolution of support claims and property rights between Mr. Holzhauer and Ms. Markofski. Ivison v. Ivison, 762 So.2d 329 (¶ 14) (Miss.2000). Therefore, Ms. Mar-kofski could bring this claim. Finding error in the failure to decide Alexa’s entitlement to the Camaro, this Court reverses and remands on this issue.
III.
Whether the chancellor committed manifest error, was clearly erroneous, or applied an erroneous legal standard in failing to order James to pay the college expenses of Rita’s daughter, Alexa Clay Scroggins.
¶ 21. Ms. Markofski contends that the chancellor committed manifest error in *167 failing to order Mr. Holzhauer to pay the college expenses of her daughter, Alexa. In the separation agreement, Mr. Hol-zhauer agreed to pay all reasonable schooling expenses, provided that he approved of the college.
¶ 22. In her brief, Ms. Markofski acknowledges that Mr. Holzhauer is under no obligation to provide support for her daughter, Alexa. However, she does contend that based on the separation agreement, Mr. Holzhauer is obligated to pay reasonable college expenses.
¶ 23. The record reveals that Mr. Hol-zhauer provided money to Alexa for her first year at the University of Southern Mississippi, but did not continue to pay for her expenses. The chancellor determined that the separation agreement was too vague regarding the circumstances under which Mr. Holzhauer would be required to pay for Alexa’s college education. The language in the agreement states that:
Husband agrees to pay all reasonable schooling expenses to Darlington for Alexa Clay Scroggins, his stepdaughter. Husband further agrees to pay Alexa Clay Scroggins reasonable college expenses, provided he approves of said college.
¶ 24. The chancellor found that there was no indication of what was covered under “expenses.” The chancellor also found that under the present circumstances, it would be unreasonable to require a man to pay for the college education of a former stepchild who accused him of molesting her, charges of which he was eventually acquitted. Hambrick v. Prestwood, 382 So.2d 474, 477 (Miss.1980).
¶ 25. Our review of the chancery court’s opinion on this issue does not reveal an abuse of discretion. We affirm the chancellor’s refusal to require Mr. Holzhauer to pay for the college expenses of Alexa.
IV.
Whether the chancellor committed manifest error, was clearly erroneous, or applied an erroneous legal standard in failing to award Rita attorney fees.
¶ 26. Ms. Markofski contends that Mr. Holzhauer should be required to pay her attorney fees since the separation agreement states that either party breaching any provision of the agreement which causes legal fees to be incurred shall be responsible for paying the legal fees of the non-breaching party.
¶ 27. Here, Ms. Markofski claims that Mr. Holzhauer breached the agreement by refusing to transfer title on the automobile to her daughter, Alexa, and by failing to pay Alexa’s college expenses. The chancellor determined that from the evidence presented, attorney fees were not appropriate, and concluded that both parties were financially capable of paying their respective attorney fees. The award of attorney fees and court costs is a matter within the sound discretion of the trial court. Kergosien v. Kergosien, 471 So.2d 1206, 1207 (Miss.1985). There is nothing in the record to suggest abuse of the chancellor’s discretion.
MR. HOLZHAUER’S CROSS-APPEAL
I.
Did the trial court err as a matter of law and fact in refusing to temporarily suspend James’ obligation to support his son?
¶ 28. Mr. Holzhauer contends that the chancellor erred by refusing to temporarily suspend his obligation to support his son pending his son’s decision to resume a normal relationship with him. Mr. Hol-zhauer’s son stated that he did not want to visit or live with his father at any time when first asked about visitation with his father. Subsequently, Mr. Holzhauer’s *168 son stated that he would visit with the father if the court ordered him to do so. Here, the chancellor relied on Caldwell v. Caldwell, 579 So.2d 543, 548 (Miss.1991) which states that:
The amount of money that the noncustodial parent is required to pay for the support of his minor children should not be determined by the amount of love the children show toward that parent. The proper inquiry, as we have often stated, is what is in the best interest of the child. In reaching that conclusion, the chancellor must balance the needs of the child against the parent’s financial ability to meet those needs, (quoting Holston v. Holston, 58 Md.App. 308, 473 A.2d 459, 463 (1984), cert. denied, 300 Md. 484, 479 A.2d 372 (1984)).
The chancellor determined that the best interest of the child necessitated support from Mr. Holzhauer. The record contains substantial evidence to support this finding.
II.
Did the trial court err in dismissing the alienation of affection claim?
¶ 29. Mr. Holzhauer contends that Rita Holzhauer Markofski caused his relationship with his son to dissipate. He claims that prior to the son living primarily with Ms. Markofski, he enjoyed an outstanding relationship with his son. However, the chancellor found this claim to be without merit and denied Mr. Holzhauer’s claim for damages since there was no evidence presented on this issue to prove his claim. We find this claim to be without merit as well.
III.
Did the chancellor err in overruling the request for damages for intentional infliction of emotional distress?
¶ 30. Mr. Holzhauer contends that Ms. Markofski actively followed a plan to discredit and/or ruin him professionally and financially. He claims that Ms. Markofski assisted her daughters in bringing charges of sexual molestation against him. Mr. Holzhauer contends that he had to ultimately spend $200,000 to defend himself against these criminal charges. However, Mr. Holzhauer failed to present actual evidence regarding this claim.
¶ 31. We affirm the chancellor’s decision.
IV.
Did the chancellor err in not allowing cross appellant his attorney fees?
¶ 32. Mr. Holzhauer contends that had his claims of alienation of affection of his son and intentional infliction of emotional distress not been dismissed, he might have been allowed to recover attorney fees as part of possible damages awarded.
¶ 33. An award of attorney fees is left to the discretion of the chancellor. Gray v. Gray, 745 So.2d 234 (¶ 26) (Miss.1999). “It is well settled in Mississippi that if a party is financially able to pay an attorney, an award of attorney’s fees is not appropriate.” Id. Here, the chancellor determined that each party was capable of paying his or her own attorney fees and denied both parties’ request. Due to the discretion afforded the chancellor in this issue, we find that no error was committed.
¶ 34. THE JUDGMENT OF THE LOWNDES COUNTY CHANCERY COURT IS AFFIRMED IN PART AND REVERSED AND REMANDED IN PART. ALL COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANT.
BRIDGES, IRVING, MYERS, CHANDLER, AND BRANTLEY, JJ„ *169 CONCUR. McMILLIN, C.J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY SOUTHWICK, P.J., THOMAS, AND LEE, JJ.