KING, C.J.,
for the Court.
¶ 1. The Chancery Court of Lamar County granted John Anthony McClelland a divorce from Mary Alice McClelland on the ground of adultery. Mary Alice McClelland appeals the decision of the chancery court and raises the following issues as errors:
I. Whether the chancellor erred by failing to make findings of fact or conclusions of law in granting Mr. McClel-land a divorce on-the ground of adultery.
II. Whether the chancellor erred by failing to make findings of fact or conclusions of law in distributing the marital assets of the parties.
FACTS
¶ 2. Mary Alice McClelland and John Anthony McClelland were married on April 28, 1995, in Lamar County. No children were born of the marriage. Following their marriage, the couple resided in Lamar County in a home owned by Mrs. McClelland prior to the marriage.
¶ 3. There is some discrepancy in the record as to when the parties separated. Mrs. McClelland testified that they separated in April 2000, while Mr. McClelland indicated a separation date of June 1999. Both parties agreed that Mr. McClelland’s construction work kept him away from home for long periods of time.
¶ 4. On November 3, 2000, Mr. McClel-land filed a complaint for divorce in the Chancery Court of Lamar County, Mississippi on the grounds of habitual cruel and *1098 inhuman treatment, adultery, and alternatively, irreconcilable differences. On March 22, 2001, Mrs. McClelland filed her response.
¶ 5. During the August 15, 2002 trial, Mr. McClelland testified to having learned from Mrs. McClelland’s brother of her extra-marital affair with a man named Scott Jacobson. Mr. McClelland stated, that since that time, he has not lived with Mrs. McClelland and has not forgiven her. Cindy Holloway (Mrs. McClelland’s ex-sister-in-law) testified that Mrs. McClelland had a relationship with Scott Jacobson while living with Mr. McClelland.
¶ 6. Mrs. McClelland acknowledged having engaged in sexual intercourse with Jacobson one time. However, she claimed to have reconciled with Mr. McClelland after that event.
¶ 7. The chancellor determined that Mr. McClelland met his burden of proof in showing that Mrs. McClelland had committed uncondoned adultery and granted the divorce on that ground. The chancellor equally divided the marital assets accumulated by the parties during the marriage.
¶ 8. Mary Alice McClelland now appeals the chancellor’s decision to grant John Anthony McClelland a divorce on the, ground of adultery and to the division of the marital assets. Mr. McClelland did not file a brief in this appeal.
STANDARD OF REVIEW
¶ 9. While “[ajutomatic reversal is not required where the appellee fails to file a brief,” Selman v. Selman, 722 So.2d 547(¶ 13) (Miss.1998), the supreme court has held that the “ ‘[flailure to file a brief is tantamount to confession of error and will be accepted as such unless the reviewing court can say with confidence, after considering the record and brief of appealing party, that there was no error.’ ” Id.
¶ 10. This Court will not disturb a chancellor’s factual findings “unless the court’s actions were manifestly wrong, the court abused its discretion, or the court applied an erroneous legal standard.” Wright v. Wright, 737 So.2d 408(¶ 5) (Miss.Ct.App.1998).
ISSUES AND ANALYSIS
I.
Whether the chancellor erred by failing to make findings of fact or conclusions of law when he granted Mr. McClelland a divorce on the ground of adultery.
¶ 11. Mrs. McClelland alleges that the chancellor erred in granting Mr. McClelland a divorce on the ground of adultery because he failed to make findings of fact or conclusions of law.
¶ 12. A party must establish his or her claim of adultery by clear and convincing evidence. Mitchell v. Mitchell, 767 So.2d 1037(¶ 5) (Miss.Ct.App.2000). “There must be clear and convincing evidence both of an adulterous inclination and a reasonable opportunity to satisfy that inclination.” Id. Adultery may be proven by admissions or other evidence. Holden v. Frasher-Holden, 680 So.2d 795, 799 (Miss.1996).
 ¶ 13. Where there is an allegation of adultery, there is an affirmative requirement that the chancellor set forth specific findings of fact and conclusions of law in this regard. Dorman v. Dorman, 737 So.2d 426(¶ 7) (Miss.Ct.App.1999). Because the chancellor failed to make specific findings of fact on this issue, this Court will look at the record de novo and determine whether substantial evidence exists to sustain a divorce granted on the ground of adultery. Holden at 798-99.
*1099 ¶ 14. The chancellor heard testimony from Mrs. McClelland, who admitted to sexual intercourse with Scott Jacobson, while separated from Mr. McClelland, stating:
Q. All right. During the time you were separated from him in '97, is that when you had sexual intercourse with Scott Jacobson?
A. Yes.
Q. Okay, and tell the Court what happened then.
[[Image here]]
A. So I fell asleep in the chair next to the phone waiting for them to page me back, and I woke up, and Scott was on top of me with no clothes on, and it just happened.
Mrs. McClelland suggests that her infidelity was forgiven and the parties reconciled.
¶ 15. Mr. McClelland testified that Mrs. McClelland’s brother told him about the extra-marital affair between his sister and Scott Jacobson. He denied having forgiven or condoned Mrs. McClelland’s transgression, and stated he has not lived with her since becoming aware of that transgression.
¶ 16. Cindy Holloway, Mrs. McClel-land’s ex-sister-in-law, testified that Mrs. McClelland and Scott Jacobson had a relationship during the time Mr. and Mrs. McClelland were living together. She indicated that the parties had slept together in her home.
¶ 17. While the chancellor failed to make specific findings of fact, there is sufficient evidence in the record, beginning with Mrs. McClelland’s admission of at least one act of extra-marital intercourse, to support the grant of a divorce on the ground of adultery.
II.
Whether the chancellor erred by failing to make findings of fact or conclusions of law in distributing the marital assets of the parties.
¶ 18. Mrs. McClelland contends that the chancellor erred when he failed to make findings of fact or conclusions of law regarding the distribution of the marital assets, thereby resulting in an inequitable distribution of the assets.
¶ 19. Marital assets include those items acquired or accumulated during the course of the marriage and are subject to an equitable distribution by the chancellor. Hemsley v. Hemsley, 639 So.2d 909, 915 (Miss.1994). Marital assets acquired during the course of the marriage may be equitably divided “unless it can be shown by proof that such assets are attributable to one of the parties’ separate estates prior to the marriage or outside the marriage.” Id. at 914. A chancellor should consider the following principles when attempting to effect an equitable division of marital property:
1. Substantial contribution to the accumulation of the property. Factors to be considered in determining contribution are as follows:
a. Direct or indirect economic contribution to the acquisition of the property;
b. Contribution to the stability and harmony of the marital and family relationships as measured by quality, quantity of time spent on family duties and duration of the marriage; and
c. Contribution to the education, training or other accomplishment bearing on the earning power of the spouse accumulating the assets.
2. The degree to which each spouse has expended, withdrawn or otherwise disposed of marital assets and any prior *1100 distribution of such assets by agreement, decree or otherwise.
3. The market value and the emotional value of the assets subject to distribution.
4. The value of assets not ordinarily, absent equitable factors to the contrary, subject to such distribution, such as property brought to the marriage by the parties and property acquired by inheritance or inter vivos gift by or to an individual spouse;
5. Tax and other economic consequences, and contractual or legal consequences to third parties, of the proposed distribution;
6. The extent to which property division may, with equity to both parties, be utilized to eliminate periodic payments and other potential sources of future friction between the parties;
7. The needs of the parties for financial security with due regard to the combination of assets, income and earning capacity; and,
8. Any other factor which in equity should be considered.
Ferguson v. Ferguson, 639 So.2d 921, 928 (Miss.1994). “Failure to make findings of fact and conclusions of law as required by Ferguson is reversible error.” Lauro v. Lauro, 847 So.2d 843(¶8) (Miss.2003). However, the supreme court has noted that it will reverse and remand “only where the failure to make sufficient findings of fact and conclusions of law constitute manifest error.” Selman v. Selman, 722 So.2d 547(¶ 29) (Miss.1998).
¶ 20. In his order, the chancellor stated, “[t]he parties during the course of the marriage, accumulated certain property which is found by this Court to be marital property, and is subject to a[n] equitable distribution in this cause.” The chancellor then listed and divided the marital property •
¶ 21. While a specific mention of the Ferguson factors is not present, we find that the chancellor after hearing the evidence presented made an equal distribution of the marital assets. The supreme court has indicated that it has “never held that a chancellor is not permitted to divide marital property equally where he deems it equitable to do so.” Selman v. Selman, 722 So.2d 547 at (¶ 15). Therefore, we affirm the chancellor’s decision regarding the equitable distribution of the marital estate.
¶ 22. THE JUDGMENT OF THE LAMAR COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
SOUTHWICK, P.J., LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR. BRIDGES, P.J, CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY IRVING, J.