BRIDGES, P.J.,
Concurring:
¶ 23. In my concurrence I wish to highlight a recurring error committed by the trial court judges that we are repeatedly having to correct. Both issues appealed in this case were based on the chancellor’s failure to make a required finding of fact. The supreme court has mandated which instances a chancellor must make specific finding of fact or conclusions of law and the instances in this case, grounds for divorce and division of marital property, are just two of those instances.
¶ 24. The purpose of the requirement of making findings of fact is to make known the grounds upon which the trial court based its final conclusion. General Tire & Rubber Co. v. Cooper, 176 Miss. 491, 165 So. 420, 421 (1936). Thus the appellate court would have a record as to whether the final decision rested upon conclusions *1101 of law or upon findings of fact and whether those conclusions of fact support the resulting judgment. Id. In the case at bar there was sufficient evidence in the record and transcript for this Court to determine the adequacy and sufficiency of the chancellor’s ruling. However, this is not appropriate appellate procedure in light of the mandates for findings of fact required by the Mississippi Supreme Court.
¶ 25. This court is an appellate court which cannot make findings of fact and conclusions of law, and we should not be required to search the record for such purpose. Our purpose is to simply compare the chancellor’s findings with the record to ascertain if there is a reversible error because the chancellor abused his discretion, was manifestly wrong or applied an erroneous legal standard. Wright v. Wright, 737 So.2d 408(¶ 15) (Miss.Ct.App.1998). Without appropriate findings and conclusions of law made by the chancellor we cannot do that.
¶ 26. In the interests of judicial economy I want to strongly admonish and advise chancellors to make the required findings of fact and conclusions of law.
IRVING, J., JOINS THIS SEPARATE WRITTEN OPINION.