# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CA-00271-COA

**CHARLES H. BEST, JR.**                                                  **APPELLANT**

**v.**

**KIMBERLY OLIVER**                                                        **APPELLEE**

DATE OF JUDGMENT:                  01/29/2019
TRIAL JUDGE:                       HON. JAMES CHRISTOPHER WALKER
COURT FROM WHICH APPEALED:         MADISON COUNTY CHANCERY COURT
ATTORNEY FOR APPELLANT:            JOHN R. REEVES
ATTORNEY FOR APPELLEE:             KIMBERLY DAVIS McCORMACK
NATURE OF THE CASE:                CIVIL - DOMESTIC RELATIONS
DISPOSITION:                       AFFIRMED - 02/11/2020
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE BARNES, C.J., WESTBROOKS AND McCARTY, JJ.**

**McCARTY, J., FOR THE COURT:**

¶1.     Kimberly Oliver and Charles Best, Jr. were granted an irreconcilable-differences divorce, and Kimberly was granted sole physical custody of their child and child support. Years later, she sought an increase in child support. The chancery court increased Charles' monthly support obligation. Aggrieved, Charles appeals.

## FACTS

¶2.     Kimberly and Charles were married and had one child—K.O.B.[1] During their divorce proceedings, the pair agreed to joint legal custody of K.O.B., with Kimberly retaining sole physical custody. They also agreed Charles would pay $830 per month in child support.

---

[1] We use initials to protect the privacy of the minor child involved in this matter.

Kimberly was later granted sole legal and physical custody, with Charles being awarded visitation rights and obligated to pay child support.

¶3.    At the time of the divorce, Kimberly and K.O.B. lived in a converted barn at the former marital residence. While there, Kimberly was free of mortgage, rent, and utility expenses. Kimberly subsequently remarried and moved to Virginia, where she is now responsible for monthly mortgage and utility payments.

¶4.    Kimberly filed a motion with the chancery court, seeking additional support to supplement the growing expenses associated with raising a teenage daughter. Kimberly testified that the costs of raising K.O.B. increased with her age: K.O.B. quickly outgrew her clothing and shoes, and K.O.B. was active in extracurricular activities that entailed additional fees and expenses. Kimberly requested that the child support be increased to at least fourteen percent of Charles' income—around $3,000 per month.

¶5.    Also presented at the hearing was uncontested evidence that Charles' annual income had increased from $211,000 to $260,000. The chancery court found the increase in Charles' income to be "not insignificant" and factored the increase into the modification determination.

¶6.    For the most part, the chancery court rejected Kimberly's request to increase the child support obligation to $3,000 per month. However, the obligation was increased by $170 per month (from $830 to $1,000). Charles appeals.

**STANDARD OF REVIEW**

¶7.    The "award of child support is a matter within the discretion of the chancery court,"

2

and it will not be reversed "unless the [chancery court] was manifestly wrong in [its] finding of fact or manifestly abused [its] discretion." *Gillespie v. Gillespie*, 594 So. 2d 620, 622 (Miss. 1992). "The determination of the amount of support needed must be made by a chancellor who hears all the facts, views the witnesses, and is informed at trial of the circumstances of the parties and particularly the circumstances of the child." *Id.* at 623. "The process of weighing evidence and arriving at an award of child support is essentially an exercise in fact-finding, which customarily significantly restraints this Court's review." *Kilgore v. Fuller*, 741 So. 2d 351, 353 (¶4) (Miss. Ct. App. 1999).

## ANALYSIS

¶8.     Charles argues the increased expenses associated with K.O.B.'s advanced age and his increased income do not constitute a material change in circumstances warranting modification. He contends Kimberly failed to provide sufficient evidence of the increased expenses, and therefore the increase must be reversed.

¶9.     A parent seeking modification of child support must show "a substantial or material change in the circumstance[s]" not reasonably foreseeable at the time of the most recent support decree. *Id.* at (¶6). Our Supreme Court has noted "[t]hat children's expenses generally will increase as they get older, that the father and mother's earning capacity will generally increase from year to year, and that inflation will continue at some level and will partially affect both the children's expenses and the parents' earning capacity." *Tedford v. Dempsey*, 437 So. 2d 410, 419 (Miss. 1983) (emphasis omitted).

¶10.    While it is foreseeable that expenses increase with the natural growth of a child, the

3

amount of the increase is not. *Kilgore*, 741 So. 2d at 353 (¶6). "As the Mississippi Supreme Court has recognized, rare is the child whose financial needs do not increase with age." *Id.* (internal quotation marks omitted) (quoting *Varner v. Varner*, 588 So. 2d 428, 433 (Miss. 1991)). It would be unfair to require under the foreseeability test that the initial child-support award include anticipated future increased expenses. *Id.* Because it is impossible for a court to foresee in the initial support award what allowances to make for a child years into the future, we leave that for modification proceedings. *Id.*

¶11.    When determining whether modification of child support is warranted, the chancery court may consider the factors provided in *Adams v. Adams*, 467 So. 2d 211, 215 (Miss. 1985).[2] "Possible factors which may constitute a material change in circumstances are increases in the children's expenses; a substantial increase in the financial resources of the non-custodial parent; and inflation since the original decree." *Cox v. Moulds*, 490 So. 2d 866, 869 (Miss. 1986). Evidence of a child's increased "academic achievements and educational needs together with their extracurricular activities" may be considered in order to justify an increase in child support. *Havens v. Broocks*, 728 So. 2d 580, 583 (¶9) (Miss. Ct. App. 1998).

---

[2] In determining whether a material change has occurred, chancery courts may consider "(1) the increased needs caused by advanced age and maturity of the children[,] (2) increase in expenses,[] (3) inflation factor[,] . . . (4) the relative financial condition and earning capacity of the parties, (5) the health and special medical needs of the child, both physical and psychological, (6) the health and special medical needs of the parents, both physical and psychological, (7) the necessary living expenses of the [paying party], (8) the estimated amount of income taxes that the respective parties must pay on the incomes, (9) the free use of residence, furnishings, and automobile and (10) such other facts and circumstances that bear on the support as shown by the evidence." *Id*. (citations omitted).

¶12. We are satisfied that the chancery court's factual findings were supported by substantial, credible evidence. As evidenced in its order, the chancery court considered all of the *Adams* factors. The chancery court found that the combination of increased expenses associated with raising K.O.B., Charles' substantial increase in income, Kimberly's changed financial position, and inflation constituted a material change warranting a modification of child support. Furthermore, the chancery court rejected Kimberly's request for the most part, tailoring the support increase to $1,000 per month rather than the requested $3,000 per month. We find that the chancery court did not abuse its discretion. Accordingly, we affirm.

¶13. Charles also argues that Kimberly's new husband's income should be a factor in determining the amount of support to award. However, "[w]e know of no reason in law, morality or common sense why a father's obligation to support his children should be minimized because his ex-wife remarries well." *Tedford*, 437 So. 2d at 420.

¶14. Because the chancery court's decision was within its discretion, we affirm.

¶15. **AFFIRMED.**

**BARNES, C.J., J. WILSON, P.J., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE AND C. WILSON, JJ., CONCUR. CARLTON, P.J., NOT PARTICIPATING.**