GRIFFIS, J„
for the Court.
¶ 1. Anne Avery was granted a divorce from Ronald Avery, pursuant to Mississippi Code Annotated Section 93-5-1, on the ground that he was sentenced to a penitentiary and not pardoned before incarceration. Ronald appeals the judgment of divorce and asserts that the chancellor erred in awarding lump sum alimony, child support, and reimbursement for Ronald’s criminal defense fees and counseling fees. We find no reversible error and affirm.
FACTS
¶ 2. Anne Avery and Ronald Avery were married in 1970 and separated in 2001. They had two children, one emancipated and a nineteen year old daughter, Amanda. Amanda lived with her mother, at the family residence, and attended college.
¶ 3. At the time of divorce, Ronald was fifty-five years old, and was in the custody of the Mississippi Department of Corrections. Ronald had been convicted of child fondling and was sentenced to serve fifteen years, with ten years suspended, resulting in five years to serve in prison. Prior to his conviction, Ronald had been employed with the Mississippi Department of Transportation for eleven years.
¶ 4. Anne was fifty-two years old and was employed with Huron Smith Oil Company. Anne had been employed for about twenty years and earned approximately $2,300 per month.
¶ 5. Without objection from Anne, the chancellor awarded Ronald the exclusive use, ownership and possession of the boat, tools, truck, firearms, four wheeler, and his retirement benefits payable through the Mississippi Public Employees’ Retirement System. The chancellor awarded Ronald an undivided one-half interest in the marital home, valued at $27,000.
*1056 ¶ 6. The chancellor awarded Anne exclusive use and possession of the marital home, her undivided one-half interest in the home, and all appliances and furnishings in the home. Anne was also awarded the benefits of her retirement plan with Huron Smith Oil Company and all life insurance policies along with any accrued cash surrender value. The chancellor’s judgment included an award to Anne for: (a) lump sum alimony of $12,600, payable in the amount of $350 per month for a period of 36 months, (b) child support of $225 per month, (c) past due child support in the amount of $4,050, beginning on the date of Ronald’s incarceration and (d) reimbursement of attorney fees and counseling fees expended during the defense of his felony charges in the amount of $6,000. The judgment was for the sum of $22,650.
¶ 7. The chancellor’s judgment also provided that the $22,650 judgment against Ronald was a lien against Ronald’s undivided interest in the marital home. All future child support payments would likewise accrue as a lien on Ronald’s undivided interest in the marital home, as the child support becomes due and vests. All court costs were assessed to Ronald.
LEGAL ANALYSIS

1. Lump Sum Alimony

¶ 8. First, Ronald argues that the chancellor erred in the award of lump sum alimony. In establishing lump sum alimony of $12,600, payable at $350 per month for thirty-six months, the chancellor specifically held that this amount was to be used to pay for medical insurance for Amanda and Anne. The chancellor reasoned that since Ronald previously paid for their insurance through his employer then this would be a reasonable provision of lump sum alimony.
¶ 9. The chancellor enjoys wide discretion in fashioning the financial aspects of the dissolution of a marriage. Tillman v. Tillman, 716 So.2d 1090(¶ 19) (Miss.1998) (citing Johnson v. Johnson, 650 So.2d 1281, 1287(Miss.1994)). The chancellor may be reversed on appeal only if it appears that the chancellor abused that discretion. Monroe v. Monroe, 745 So.2d 249(¶ 13) (Miss.1999).
¶ 10. In Armstrong v. Armstrong, 618 So.2d 1278 (Miss.1993), the Mississippi Supreme Court established the factors for a chancellor to consider to determine whether alimony is necessary. Here, the chancellor properly considered each factor in his decision. We review the chancellor’s conclusions.
¶ 11. The income and expenses of the parties. Although Ronald had no income while incarcerated, the chancellor found that Ronald had no expenses. His room, board and health care were provided by the State. The chancellor also reasoned that although Anne had income she also had everyday living expenses and liabilities.
¶ 12. The health and earning capacities of the parties. The chancellor found that both Ronald and Anne were in good health. The chancellor noted that, although Ronald had no earning capacity while incarcerated, Ronald’s period of incarceration was for a short period.
¶ 13. The needs of each party. The chancellor determined that Anne was accustomed to a two income household and the lifestyle derived from both incomes. She now has one income with the same needs, particularly with respect to the minor child, whereas Ronald has none.
¶ 14. The obligations and assets of each party. The chancellor determined that Anne has an obligation to maintain the household, whereas Ronald does not. *1057 Ronald has a life estate property interest in which he receives $1,868 per year through a government conservation program for pine trees. The chancellor found that Ronald’s assets, because of the life estate property interest, exceeded Anne’s assets.
¶ 15. The length of marriage. Ronald and Anne were married for thirty-two years.
¶ 16. The presence or absence of minor children in the home. The chancellor recognized that Amanda continues to reside with Anne.
¶ 17. The age of the parties. Ronald was fifty-five, and Anne was fifty-two years old.
¶ 18. The tax consequences of the spousal support order. The chancellor found that there was no evidence of any tax consequence.
¶ 19. Fault or misconduct. The chancellor found that the fault of the divorce was clearly due to the fault and misconduct of Ronald.
¶ 20. Wasteful dissipation of assets by either party. The chancellor found that there was no evidence of any wasteful dissipation of assets by either party, with the exception of the funds expended to defend Ronald and the counseling fees that were incurred because of his wrongful conduct.
¶ 21. After considering the Armstrong factors, the chancellor ruled that an award of lump sum alimony would be proper. Under these circumstances, a lump sum award of $12,600 was not so exorbitant as to constitute an abuse of the chancellor’s discretion. We find no abuse of discretion in the chancellor’s findings. Therefore, this assignment of error is without merit.

2. Child Support

¶ 22. Next, Ronald argues that the chancellor erred in awarding child support for Amanda. The chancellor found that the child support guidelines, set forth in Mississippi Code Annotated Section 43-19-101(1) (Rev.2000), were not appropriate because Ronald has no income due to his incarceration. The chancellor found, however, that Ronald did have sufficient assets, which could support Amanda, and ordered Ronald to pay child support in the amount of $225 per month. The chancellor also awarded a judgment against Ronald for child support, retroactive to the date of his incarceration, in the amount of $4,050. The chancellor concluded that Amanda’s expenses were $495 per month, excluding tuition.
¶ 23. An award of child support is within the sound discretion of the chancellor. Grogan v. Grogan, 641 So.2d 734, 741 (Miss.1994). This Court will not disturb that award unless the chancellor was manifestly in error in his finding of fact or has manifestly abused his discretion. Id. Further, the process of “weighing evidence and arriving at an award of child support is essentially an exercise in fact-finding, which customarily significantly restrains this Court’s review.” Id.
¶ 24. Upon our review of the record, we are satisfied that the chancellor’s factual findings were supported by substantial, credible evidence. The chancellor heard testimony from both Ronald and Anne and reviewed the documentary evidence. Given our limited standard of review, we decline to disturb the chancellor’s findings. Therefore, this assignment of error is without merit.

3. Reimbursement for Criminal Defense Fees and Counseling Fees.

¶ 25. Ronald contends that the chancellor erred in awarding a $6,000 *1058 judgment to Anne for reimbursement of his criminal defense fees and counseling fees paid during the marriage. The chancellor based his ruling on the finding that marital assets were dissipated due to the payment of these fees for Ronald.
¶ 26. While we do not classify fees paid for criminal defense and counseling costs as a wasteful dissipation of assets, we do find that it was within the chancellor’s discretion to award reimbursement for these fees as part of the equitable distribution of assets since the fees for Ronald’s misconduct were paid from marital funds. As discussed above, chancellors are vested with broad discretion in dealing with the financial aspects of divorce. It is well settled that chancellors have authority to order an equitable division of marital property accumulated through the joint efforts of the parties and the individual contributions of the parties to the marriage. Johnston v. Johnston, 722 So.2d 453(¶ 28) (Miss.1998). We find no abuse of discretion or manifest error in the chancellor’s ruling. Therefore, this assignment of error is without merit.
¶ 27. THE JUDGMENT OF THE PA-NOLA COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR.