JAMES, J.,
for the Court:
¶ 1. Clarence Williams appeals the judgment of the Neshoba County Chancery Court, which upwardly modified his monthly child-support payment to $700. Williams argues that the chancery court erred by (1) including overtime pay in calculating his adjusted gross income, and (2) not deducting his state income-tax liability from his adjusted gross income. Finding no error, we affirm the judgment of the chancery court.
FACTS AND PROCEDURAL HISTORY
¶ 2. Clarence Williams and Debbie Nash are the natural parents of Madison Williams. Madison was born on July 15, 2006, out of wedlock. On August 2, 2007, the Neshoba County Chancery Court adjudicated Clarence as the father of Madison, and ordered Clarence to pay child support of $250 per month to Debbie.[1] That same day, Clarence submitted a stipulated agreement of support. In the agreement, Clarence assented to pay monthly child support of $250, and to provide health insurance for Madison through his employer. The chancery court approved the stipulated agreement, and entered an order incorporating the terms of the agreement. On June 28, 2011, Debbie filed a petition for modification of support.[2]
¶ 3. In the petition, Debbie sought an upward modification in Clarence’s child-support obligation due to Clarence’s increased income and Madison’s increased needs and expenses. Debbie also requested that Clarence be required to pay one-half of Madison’s medical expenses and one-half of Madison’s school-related expenses, including those for extracurricular activities. On July 21, 2011, Clarence filed an answer and counter-petition for modification of custody. In the petition, Clarence requested that he be awarded visitation rights and joint legal custody of Madison, as the 2007 order did not provide Clarence with any visitation or custodial rights. Clarence also requested that he be allowed to claim Madison as a de *179 pendent for federal and state income-tax purposes.
¶ 4. A hearing on both petitions was held on September 1, 2011. After hearing testimony from both parties, the chancery court found that a substantial and material change in circumstances had occurred, which warranted a modification in Clarence’s child-support obligation. Specifically, the court held that because Clarence’s income had significantly increased since the issuance of the 2007 order, and because of Madison’s advanced age and increased needs, Clarence’s child-support obligation should be raised to $700 per month.[3] The court arrived at this figure by applying the Mississippi statutory guidelines for calculating child support. The chancery court used Clarence’s income for the 2011 year-to-date, which, as reflected by Clarence’s paycheck, was a gross figure of $62,757.01.
¶ 5. The court divided this number by thirty-four weeks, which reflected the year-to-date, and determined that Clarence was earning $1,845.79 per week. Multiplying this figure by fifty-two weeks gives an adjusted gross income of $95,981.28. The court divided this number by twelve and determined that Clarence had a monthly gross income of $7,998.44. Clarence was given a twenty-eight percent tax credit, which was $2,289. The application of the tax credit gave an adjusted monthly gross income of $5,759.44. During trial, Clarence testified that he was paying $250 per month in child support for two other children from previous relationships, even though he was not required by court order to do so. The court gave Clarence credit for those child-support payments also. Based on the child-support guidelines, fourteen percent of Clarence’s adjusted gross income minus the credits given by the court resulted in a child-support obligation of approximately $736.32 per month. From this figure, the court gave Clarence additional credit for providing medical insurance for Madison through his employer. The court then determined that Clarence’s child-support obligation should be set at $700 per month based on Mississippi’s child-support guidelines.
¶ 6. The court further held that Clarence was not ordered to pay one-half of Madison’s school-related expenses, as those expenses were included in Clarence’s monthly child-support payments. The court declined to award joint legal custody to Clarence, but granted him visitation with Madison. Feeling aggrieved about the court’s upward modification of child support, Clarence appealed the judgment.
STANDARD OF REVIEW
¶ 7. “A chancellor’s decision, when supported by substantial evidence, will not be reversed on appeal unless the chancellor abused his discretion, was manifestly wrong [or] clearly erroneous, or [applied] an erroneous legal standard[.]” Walton v. Snyder, 984 So.2d 343, 347 (¶ 10) (Miss.Ct.App.2007) (quoting Kilpatrick v. Kilpatrick, 732 So.2d 876, 880 (¶ 13) (Miss.1999)). “In the area of divorce and child support particularly, this Court generally will not overturn the chancellor’s findings of fact unless manifestly wrong.” Wallace v. Wallace, 965 So.2d 737, 741 (¶ 10) (Miss.Ct.App.2007) (citing Vaughn v. Vaughn, 798 So.2d 431, 433 (¶ 9) (Miss.2001)). “[T]he process of weighing evidence and arriving at an award of child support is essentially an exercise in fact-finding, *180 which customarily significantly restrains this Court’s review.” Avery v. Avery, 864 So.2d 1054, 1057 (¶ 28) (Miss.Ct.App.2004) (quoting Grogan v. Grogan, 641 So.2d 734, 741 (Miss.1994)). Questions of law are reviewed de novo. Vaughn, 798 So.2d at 434 (¶ 9) (citing Harrison Cnty. v. City of Gulfport, 557 So.2d 780, 784 (Miss.1990)).
DISCUSSION
I. Whether the chancery court erred by including overtime pay in its calculation of Clarence’s adjusted gross income.
¶ 8. Clarence argues that the increase in child support to $700 per month was reached in error because the adjusted gross income of $62,757.01 reflected on his paycheck included an unusual amount of overtime pay. Clarence testified that his normal rate of pay was $14.30 per hour. When asked about overtime, Clarence stated that whenever he worked more than forty hours per week, he would receive overtime pay, which was $21.35 per hour. According to Clarence, he sometimes worked eighty hours per week due to a shortage of employees; but, his regular work schedule would fluctuate between thirty-six hours and sixty hours per week. On his Uniform Chancery Court Rule 8.05 financial disclosure statement, Clarence reported a monthly adjusted gross income of $5,577.10. The court declined to base the child-support award on this figure because, according to Clarence’s own testimony, the amount did not include any overtime wages that he accrued in 2011. In fact, multiplying this figure by the number of months in the year-to-date yields a gross income of $44,616, which is significantly less than $62,757.01, the amount shown on his paycheck. Clarence claimed that his overtime hours were subject to change depending on whether or not his employer was short-staffed. However, Clarence stated that as of the date of trial, he had been working overtime regularly for the past few months. Clarence also testified that he continued to work overtime even after more employees were hired.
¶ 9. The Mississippi Supreme Court has held that in calculating child support, income received from overtime pay may be considered. Gillespie v. Gillespie, 594 So.2d 620, 622-23 (Miss.1992). In cases where the receipt of overtime wages has a scheduled end date, or where the additional amount of income is not expected in the future, overtime pay is excluded for purposes of calculating child support. Johnston v. Johnston, 722 So.2d 453, 461 (¶ 22) (Miss.1998). Clarence never indicated that his overtime hours would cease. In fact, based on his testimony, it is reasonable to anticipate that he will receive overtime wages in the future. Therefore, we cannot say that the court abused its discretion or was manifestly wrong in including Clarence’s overtime wages in calculating his adjusted gross income.
¶ 10. Mississippi Code Annotated section 43-19-101(1) (Supp.2012) sets forth a rebuttable presumption that, in cases involving one child, monthly child-support payments should be fourteen percent of the non-custodial parent’s adjusted gross income. Section 43-19-101(3)(a) states that one’s gross income is determined “from all potential sources that may reasonably be expected to be available.” Clarence testified that he received a tax refund of $1,900 during 2011. He stated that he also generated $300 from odd jobs during that year. Though income from all sources is to be considered, the court considered Clarence’s testimony regarding the fluctuation in his overtime work hours, and decided to exclude income from his tax refund and income he received from odd jobs. In determining Clarence’s adjusted *181 gross income, the court stated the following:
[T]he evidence that I have shows that he made a gross income up to-through the week ending on August the 20th, 2011, of $62,757.01. The Court has considered his testimony that that may change. The Court also has considered that he got $1,900 for a tax refund and made approximately, according to his testimony, $300 from odd jobs this year. As I previously said, gross income from all sources is to be considered, but I find that with the uncertainty in what he could make, that balances out, and the Court is going to use a gross figure of $62,757.01.
After considering all evidence, the court found the following:
So the Court, in considering the testimony, finds that divided by the 34 weeks in this year, that he is earning $1,845.79 per week. That times 52 weeks and divided by 12 gives a gross income per month of $7,998.44. In his tax bracket, the Court is going to give him credit for 28 percent of taxes, which is $2,239. So[,] an adjusted gross income would be $5,759.44. I do choose to give him credit for the two older children of $250 for each, and that comes out to child support of [$]736.... It appears that he’s also paying health insurance for at least one of his other children, so I do give him credit for that and determine that child support should be set at $700 per month even, based on Mississippi’s guidelines.
¶ 11. Here, the court used Clarence’s most recent paycheck to determine his gross income. After arriving at a monthly gross income of $7,998.44, the court deducted $2,239 for tax purposes. This left a figure of $5,759.44. The additional $500 deduction for child-support paid for his two older children left an adjusted gross income of $5,259.44. Multiplying this number by fourteen percent gives a monthly child support award of approximately $736.32. From here, the court made additional deductions that it deemed appropriate under the circumstances, and arrived at $700. “In cases in which the adjusted gross income is as defined in this section is more than Fifty Thousand Dollars ($50,000) ... the court shall make a written finding in the record as to whether or not the application of the guidelines established in this section is reasonable.” Miss.Code Ann. § 43-19-101(4) (Rev. 2009).[4] Based on the court’s findings, we find that the Mississippi guidelines were properly applied, and that there was substantial evidence to support the court’s upward modification of child support. Therefore, this issue is without merit.
II. Whether the chancery court erred by not deducting Clarence’s state tax obligations from his adjusted gross income.
¶ 12. Next, Clarence argues that the court failed to deduct his state income-tax liability before arriving at his adjusted gross income, which resulted in an improper calculation of child support. This argument is proeedurally barred because it is raised for the first time on appeal. “Before an issue may be assigned and argued in this Court, it must first be presented to the trial court.” Wilburn v. Wilburn, 991 So.2d 1185, 1191 (¶ 14) (Miss.2008) (quoting In re Hampton, 919 So.2d 949, 957 (¶ 32) (Miss.2006)). Clarence never raised the issue of federal or state income-tax deductions during trial, nor did he object *182 when the court made an on-the-record finding of his tax deductions. Therefore, this issue is not properly before this Court.
¶ 13. Notwithstanding the procedural bar, we find that Clarence’s argument lacks merit. Section 43 — 19—101(3)(b) provides that in calculating child support, federal, state and local taxes must be deducted from the amount of the non-custodial parent’s adjusted gross income. The chancery court gave Clarence a twenty-eight percent credit for taxes, which amounted to a $2,239 deduction from his monthly gross income. The court did not indicate whether this tax deduction applied to federal or state tax liability, or both. It appears that Clarence simply made the assumption that the deduction applied solely to federal income-tax liability. Based on the record, we cannot say that the court’s lack of specificity amounted to an abuse of discretion or constituted reversible error.
¶ 14. As previously stated, the court credited Clarence $500 for child support paid for his two older children. This type of deduction is only mandatory if the noncustodial parent is subject to an existing court order. Miss.Code Ann. § 43-19-101(3)(e). Section 43 — 19—101(3)(d) also allows the court to deduct any amount it may deem appropriate if the parent has other children residing with him. Here, neither of these scenarios is applicable. During trial, Clarence stated that his two older children did not reside with him, and that he is under no court order to provide support to either child. However, the court still gave him credit for both children. Thus, Clarence received a $500 deduction from his gross income even though he was not legally entitled to it. In addition, the court gave Clarence credit for providing health insurance for Madison and for providing health insurance for at least one of his other children. This Court has held that deductions for health-insurance payments are not mandatory under section 43-19-101. Wells v. Wells, 800 So.2d 1239, 1247 (¶ 21) (Miss.Ct.App.2001). The allotted credit that the court deducted from Clarence’s adjusted gross income was far more than that to which he was legally entitled. Thus, any supposed failure of the court to apply a specific deduction for state income-tax liability to Clarence’s adjusted gross income is inconsequential, and is compensated for by the additional credits that he received.
¶ 15. For the reasons stated above, we find no error or abuse of discretion in the chancellor’s findings. The child-support modification was supported by substantial evidence in the record. Accordingly, we affirm the judgment of the chancery court.
¶ 16. THE JUDGMENT OF THE CHANCERY COURT OF NESHOBA COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. IRVING, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.

. At the time of the paternity adjudication, Clarence was employed as a maintenance mechanic in Pearl, Mississippi, and had a monthly gross income of $1,785.

. The Mississippi Department of Human Services (DHS) was joined as a plaintiff because it processed Clarence’s child-support payments.

. Clarence now works at Nucor Steel as a maintenance mechanic and makes $14.30 per hour. His work schedule ranges from thirty-six to sixty hours per week, which equates to a monthly gross income of roughly $2,059.20 to $3,432, excluding overtime pay.

. This statute has since been amended, and now requires the court to make such a written finding in the record in cases in which the adjusted gross income is more than $100,000. Miss.Code Ann. § 43-19-101(4) (Rev. 2013).